The People of the State of New York ex rel. Kingdon De Normand, Appellant, against Walter B. Martin, as Warden of Clinton Prison, Respondent.

Third Department, April 28, 1943.

*Morris Fish* for appellant.

*Nathaniel L. Goldstein, Attorney-General (Orrin G. Judd, Solicitor General; Robert C. Booth* and *Patrick H. Clune* of counsel), for respondent.

BLISS, J.   Relator was committed to a State prison by the County Court of Bronx County on January 22, 1930, under an indeterminate sentence, the maximum of which was fifteen years and the minimum seven years and six months.   The commitment shows that the sentence was imposed by Hon. HARRY STACKELL, County Judge, the indictment was for robbery in the first degree, the date of the crime was October 19, 1929, the conviction was for robbery in the second degree upon a plea of guilty.

In November, 1929, appellant was indicted by the grand jury of Bronx county for three separate crimes under three separate indictments, viz., indictment number 544 for robbery, first degree, committed upon one Alexander Sacks on the 19th day of October, 1929; indictment number 545 for the crime of robbery in the first degree, committed on the 17th day of October, 1929, upon one Samuel Kranz and indictment number 612 for assault, second degree.   On November 8, 1929, the two robbery indictments were on the calendar of the County Court for pleading and appellant pleaded not guilty to each.   On December 12, 1929, he withdrew these pleas and plead not guilty with a specification of insanity.   A lunacy commission was appointed to inquire into his mental state and on January 13, 1930, this commission reported him to be sane both at the time of the commission of the crimes charged in these indictments and at the time of the examination of the appellant.

On January 13, 1930, indictment number 544 which charged appellant with the crime of October 19, 1929, appeared on the calendar of the County Court, Part I, before Hon. JAMES M. BARRETT, County Judge, and was by him referred to Part II.   On the same day before Judge STACKELL in Part II the appellant appeared in person and by counsel while the people appeared by an assistant district attorney.   Appellant's attorney stated

that his client admitted his guilt and desired, if the court would permit him, to plead guilty to robbery in the second degree. The District Attorney stated that the appellant was indicted for the crime of robbery in the first degree and described the robbery of October 17, 1929. After discussion appellant's motion was granted and the plea to robbery in the second degree was accepted. The court then fixed January 22nd for the imposition of sentence. The assistant district attorney stated that it would not be necessary to bring the witnesses as he had a short witness or two and the court directed him to put them on. Witnesses were then sworn who described the crime of October 17th. At the conclusion counsel for the appellant stated that there was another case of robbery and also an assault case that should be on the calendar at the time of sentence, so that the whole thing could be disposed of. The proceedings of January 22nd are also in this record. The calendar for that day lists all three indictments. Number 612 for assault, 2nd degree, was marked "off." Number 545 for robbery, first degree, was marked "off" and number 544 for robbery, 2nd degree, which was on for sentence shows the imposition of a State prison term of seven years and six months to fifteen years. These proceedings were in Part II before Judge STACKELL. At the time of sentence the court stated that the date of the crime was October 19, 1929.

The two robbery indictments themselves are before us. Number 544 for the crime of October 19, 1929, shows by indorsements that on January 13, 1930, the plea was changed to robbery, second degree, and on January 2, 1930, a sentence of from seven years, six months to fifteen years was imposed. Indictment number 545 for the robbery of October 17, 1929, shows only the plea of not guilty on November 8th and the plea of not guilty with a specification of insanity on December 12, 1929.

It thus appears that while indictment number 544 for the robbery of October 19, 1929, was the only indictment against defendant listed on the court calendar of January 13th and was referred to Part II before Judge STACKELL, when the parties appeared before Judge STACKELL and the assistant district attorney's witnesses were sworn, reference was made only to the robbery of October 17, 1929. All of the discussion before the court at that time as well as the testimony of the witnesses shows that the parties were apparently referring to the crime of October 17th. This robbery was described in detail by the witnesses, including the place where it occurred, the persons present and just what happened. It is hardly conceivable that any person present could have understood that the crime of

October 19th was the one to which the appellant was pleading guilty and it is our conclusion that not only the parties, but also the court at that time understood that appellant was pleading guilty to the crime of October 17th. Nevertheless on January 22nd when appellant appeared for sentence, he was sentenced on indictment number 544 for the crime of October 19th and is now and for the past more than twelve years has been serving that sentence. Thus while defendant pleaded guilty only to the crime of robbery in the second degree, occurring on October 17, 1929, he was sentenced for the crime of October 19, 1929, to which he had pleaded only "not guilty."

There was no power in the court to sentence the appellant until after he had been convicted of the crime for which he was being punished. (Penal Law, § 31; Code Crim. Pro., § 3.) Consequently the sentence and commitment were illegal and the court was without jurisdiction to render judgment and impose a sentence under an indictment to which the defendant had not plead guilty and under which he had not been convicted. He is now being illegally held in a State prison.

All three indictments against the appellant are still pending in Bronx County Court and undisposed of. Under indictment number 544 for the robbery of October 19, 1929, appellant's plea of not guilty still stands. Under indictment number 545 for the robbery of October 17, 1929, defendant has with the court's permission, pleaded guilty to robbery in the second degree, but judgment thereon has not been pronounced. Indictment number 612 for assault, second degree, is also still pending under the appellant's plea of not guilty. While appellant is correct in his assertion that he is now improperly confined in a State prison, we cannot release him, but must order him returned to the Bronx County Court for proper proceedings under these indictments. (Civ. Prac. Act, §§ 1251, 1256; *People ex rel. Prince* v. *Brophy,* 273 N. Y. 90.)

The order of the County Court should be reversed on the law and facts, with fifty dollars costs and disbursements and the writ sustained to the extent of ordering appellant's release from the custody of respondent, and the appellant remanded to the Bronx County Court.

HILL, P. J., CRAPSER, HEFFERNAN and SCHENCK, JJ., concur.

Order reversed on the law and facts, with fifty dollars costs and disbursements and the writ sustained to the extent of ordering appellant's release from the custody of the respondent, and the appellant is remanded to the Bronx County Court and to the custody of the sheriff of that county.