THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD V. YOUNG, Appellant, against WALTER B. MARTIN, as Warden of Attica State Prison, Respondent.— Order affirmed, without costs of this appeal to either party. Memorandum: On January 5, 1931, the relator was convicted of the crime of robbery in the third degree. On January 23, 1931, relator was sentenced as a second offender to a term of ten years in State's prison, and it appearing that relator was armed with a pistol while in the act of committing the crime whereof he was convicted, it was adjudged that the term of imprisonment be increased by imprisonment in a State prison for the term of five years. On October 8, 1936, the relator escaped from prison. He was apprehended. On February 2, 1937, on a plea of guilty to an indictment charging him with the crime of escape, the relator was sentenced to be confined in State prison at Dannemora, N. Y., for the term of not less than two years and six months nor more than five years, said sentence not to run concurrently with the sentence imposed on January 23, 1931, above mentioned. While on parole, and on August 30, 1941, the relator committed the crime of robbery in the second degree. On November 25, 1941, the relator pleaded guilty to the crime of robbery, second degree, and was sentenced as a third offender to State's prison for the term of not less than twenty years nor more than forty years, and it appearing that relator was armed with a pistol while in the act of committing said crime not less than five nor

more than ten years of said term of twenty to forty years was imposed by the court as increased punishment. In this proceeding the relator challenges the validity of the conviction, and the sentence imposed on him, on November 25, 1941, on the ground that the indictment upon which relator was tried and convicted was found by a Grand Jury of New York County which had been selected, drawn, summoned, and impaneled under chapter 202 of the Laws of 1940, claimed to have been enacted in violation of section 17 of article III of the New York State Constitution. From the return, which has not been traversed by the relator, it appears that the relator is being held by the warden under the first two sentences above specified, which sentences are still in full force and effect. Hence the relator's application for the writ in question was premature. We affirm the order appealed from on the ground that the relator is being detained under sentences the validity of which he does not challenge in this proceeding. If the question of constitutionality of chapter 202 of the Laws of 1940, were properly before us, we would be inclined to hold that that act does not contravene the county home rule provisions of the Constitution since it involves the selection of jurors which is a function peculiar to the judicial system of the entire State and in no way limited to one county only. All concur. (The order dismisses a writ of habeas corpus and remands relator into custody.) Present — Taylor, P. J., Dowling, Harris, McCurn and Larkin, JJ.