THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD V. YOUNG, Appellant, against EDWARD FAY, as Warden of Green Haven State Prison, Respondent.— Appeal by relator from an order of the County Court, Dutchess County, dismissing a writ of habeas corpus and remanding relator to custody. On January 23, 1931, relator was sentenced as a second offender to a term of fifteen years for robbery in the third degree while armed. On October 8, 1936, he escaped from prison, was thereafter apprehended and on February 1, 1937, on a plea of guilty to an indictment charging him with the crime of escape, was sentenced to a term of not less than two years and six months nor more than five years, said sentence not to run concurrently with the sentence imposed on January 23, 1931, which he was then serving. The fifteen-year sentence was reduced by the Governor, under the provisions of article 9 of the Correction Law as it then existed, and on September 21, 1939, relator commenced service of the escape term. He was paroled on that sentence on May 21, 1941. On August 30, 1941, while on parole, he committed the crime of robbery in the second degree, and on November 25, 1941, was sentenced as a third offender to a term of twenty to forty years, including increased punishment for being armed. Relator was declared delinquent and was returned to prison to complete his two prior sentences before beginning service of the November 25, 1941, sentence. He was charged with owing six years, two months, and twenty days delinquent time on the first sentence mentioned above, and three years, three months and twenty-nine days on the escape sentence, or a total of nine years, six months and nineteen days which was to be served before commencing to serve the twenty- to forty-year term. According to the computation by the Correction

Department, that term would not commence until June 15, 1951. In this proceeding, relator challenges the aforesaid computation and asserts that the two prior sentences expired either in 1944, 1945 or 1946. Relator's claim is not presented too clearly, but apparently it is based upon a contention that the fifteen-year sentence imposed in 1931 terminated in 1939, when he began service of the escape sentence, or that some portions of the first two sentences were served concurrently. Order affirmed. Even if it be assumed that relator is correct in asserting that his first two sentences have expired, upon which question we express no opinion, the validity of his third sentence of twenty to forty years, imposed in 1941, is unquestioned. Not even the minimum term thereof has expired; and relator does not claim that he is entitled to his release if his contentions regarding the prior sentences are sustained. Under the circumstances, the application for the writ of habeas corpus was premature and the order dismissing the writ was proper. (Cf. *People ex rel. Dote* v. *Martin*, 294 N. Y. 330; *People ex rel. McCue* v. *Jackson*, 271 App. Div. 911, and *People ex rel. Young* v. *Martin*, 270 App. Div. 1069, affd. 297 N. Y. 892.) Nolan, P. J., Carswell, Johnston, Sneed and Wenzel, JJ., concur.