Archibald C. Wemple, J.
At the outset it should be noted that the defendant-petitioner simply makes an application to vacate and set aside his sentence imposed on October 23, 1935, but nowhere does the defendant-petitioner state that he is applying for relief through a writ of habeas corpus or a writ of error coram nobis. He merely alleges that at the time of his sentence, section 480 of the Code of Criminal Procedure was not complied with and that “ said omission affects ” or ‘ ‘ violated petitioner’s statutory state and federal constitutional rights to equal protection of the laws of the State of New York and the United States of America.”
The District Attorney concedes that the record is silent as to compliance with section 480 of the code. The minutes of the original sentencing date, October 16, 1935, at which time the defendant was given a suspended sentence, and the minutes of October 23, 1935, at which lime the judgment of October 16, 1935 was revoked and the defendant then sentenced to the New York State Vocational Institution at West Coxsackie, New York, fail to show that on either of said occasions was the defendant asked either by the clerk or the presiding judge, in accordance with section 480 of the code, whether or not there was any legal cause why sentence should not he imposed. The usual clerk’s questionaire introduced in evidence is blank as to the “legal cause ” question, and the document itself was not signed by the defendant.
The District Attorney contends that noncompliance with section 480 of the Code of Criminal Procedure is not a mere procedural irregularity, but that it constitutes a deprivation to this defendant of a substantial legal right. This contention is supported by the Court of Appeals in the case of People ex rel. Miller v. Martin, (1 N Y 2d 406, 410) in which the court said, “ Thus the mandate of section 480 must he followed at the time. *37 defendant appears for sentencing, and at no other time. On this occasion defendant may show that he is insane, or that he has good cause to offer, either in arrest of judgment, or for a new trial. (Code Crim. Pro., § 482). ’ ’ The court went on to say that “ the requirement of section 480 is mandatory and may not be waived. ’ ’
The District Attorney concludes that since the omission involves a substantial legal right, and since at the time of sentence on October 16,1935 and October 23,1935 the defendant was then a first offender, the only and proper remedy available to the defendant was by way of habeas corpus. The District Attorney, however, concedes that if the defendant were a “ multiple offender ” at the time of sentence, he might later challenge the constitutionality of previous convictions and correct errors therein by way of a writ of error coram nobis. Thus the confusion of remedies between coram nobis and habeas corpus is brought into focus in this case.
The record shows that the defendant was sentenced on October 23,1935 and that the defendant has served this sentence. He is not presently being detained under the 1935 sentence and, therefore, it is doubtful whether habeas corpus will lie to inquire as to whether such detention was lawful or unlawful. Section 1230 of the Civil Practice Act, which sets forth who is entitled to a writ of habeas corpus, speaks of a person “ imprisoned or restrained” as being entitled “to a writ of habeas corpus * * * for the purpose of inquiring into the cause of the imprisonment or restraint ”, This section speaks in the present and future tense. It has been held that a writ of habeas corpus is a special proceeding to determine the right of the custodian to hold the petitioner in custody, and to relief from unlawful imprisonment, but it is not a substitute fox-appeal or review.
Sixxce the defendaxxt is xxot presently detaixxed under the sentence complaixxed of and since section 1231 of the Civil Practice Act denies the writ to a person “ committed or * ® * detaixxed by virtue of the final judgmexxt or decree of a competent tribunal” this avenue of assistance is of questionable value to this defendant.
Next let us consider the remedy of coram nobis to determine if it is available to the defendant herein. In People v. Sullivan (3 N Y 2d 196) the Court of Appeals held, on page 198, “ Where the alleged basic legal error is evident and does not affect the validity of the judgment of conviction, but only the validity of the sentence, tlxe defendant is limited to the post-convictioix remedies of appeal, motion in arrest of judgment, motioxx to *38 withdraw plea or habeas corpus, according to the specific error raised (see People v. Taras, 269 App. Div. 694, affd. 296 N. Y. 983).”
From the quoted case it appears that coram nobis as a remedy is denied to this defendant in this situation.
The defendant-petitioner does not label his proceeding ‘1 habeas corpus ” or 11 coram nobis ’ ’. He merely asks for relief in the “ interest of justice ”. Quoting from the brief of the attorney for the defendant-petitioner, ‘ ‘ The name of a proceeding is not important, but justice is the fountain head from whence life, liberty and the pursuit of happiness flow.” In this spirit of justice this court has already returned the defendant from Auburn Prison for the purpose of this hearing. He has sustained the burden of showing that his sentence was irregular and that, specifically, a procedural error was committed in omitting to ask him either on October 16, 1935 or October 23, 1935 whether he had any legal cause why sentence should not be imposed. In this respect he suffered a loss of a substantial legal right at the time of sentence. However, this does not alter the fact that he plead guilty and was properly convicted, on October 16, 1935, of a felony. Nor does it alter the fact that a brief hearing was held on October 23, 1935, at which time he was represented by counsel who did not object to the revocation of the suspended sentence and probation, or ask for further proceedings on the violation. He was committed and served out his sentence.
The time spent in confinement by this defendant under his sentence of October 23, 1935 is a reality and cannot be overlooked. The defendant is now in court and no remand is necessary.
Defendant’s application to vacate and set aside the judgment of conviction is denied. However, the court herein can and should correct its procedural error by resentence of this defendant.
Submit order accordingly.