THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT STOKROCKI, Appellant, against EDWARD M. FAY, as Warden of Green Haven Prison, Respondent.— Appeal from an order dismissing a writ of habeas corpus and remanding appellant to the custody of the respondent. ·On January 18, 1951 appellant, then 17 years of age, and another were indicted for robbery in the first degree (four counts), assault in the first degree, assault in the second degree (three counts), and grand larceny in the first degree. All of the counts in the indictment arose out of the "same transaction". On March 16, 1951 appellant and his accomplice pleaded guilty to robbery in the second degree (two counts). On imposing sentence on the first count the County Court, Dutchess County, after referring to appellant's age, said "in conformity with Article 13-A Section 343 of the New York State Correction law, I hereby sentence you for an indefinite term with no minimum and for the maximum term provided by law for the felony aforesaid, and I hereby commit you to the Reception Center, New York State Department of Correction, at Elmira, New York, there to be received, classified and certified for transfer to another institution for further confinement and training pursuant to Article 3-A of the New York State Correction Law." The sentence on the second count was suspended on certain conditions, which were thereafter complied with. After serving 21 months at the Elmira Reception Center, appellant was released on parole on December 15, 1952. On February 19, 1957 appellant was declared delinquent and was thereafter returned to prison for violation of parole. On June 11, 1957 he was convicted of forgery in the second degree and petit larceny, and was sentenced as a second felony offender to serve from 5 to 10 years. That judgment of conviction was affirmed by this court (*People* v. *Stokrocki*, 5 A D 2d 702). In March, 1958 appellant sued out this writ in which he does not contend that he is illegally imprisoned but merely seeks a determination that he has completed his first term and is now serving his second term. In other words, appellant contends that the 1951 sentence was reformative and carried a maximum of 5 years, that the 1951 sentence was completed and that therefore he is presently serving his second sentence. Respondent, however, contends that the 1951 sentence was an indefinite sentence and carried a maximum of 15 years and that therefore appellant is now serving his first sentence, which has about 8 years to run. The Special Term sustained respondent's contention and dismissed the writ, resulting in the order appealed from. Order unanimously affirmed, without costs. The affirmance is on the ground that the application is premature, as concededly under no circumstances is appellant entitled to be discharged. (*People ex rel. Young* v. *Fay*, 278 App. Div. 774, motion for leave to appeal denied 302 N. Y. 951.) On the merits, however, we are of the opinion that the sentence imposed by the County Court on the 1951 conviction was a reformative sentence with a maximum of 5 years, that the 1951 sentence has expired and that appellant is presently serving his sentence for the 1957. conviction. (Correction Law, § 288; Penal Law, § 1931; *People ex rel. Johnson* v. *Martin*, 283 App. Div. 478, affd. 307 N. Y. 713; *Waterman* v. *State of New York*, 1 A D 2d 235, affd. 2 N Y 2d 803; *Williams* v. *State of New York*, 5 A D 2d 936.) Present — Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ.