Bernard S. Meyer, J.
Petitioner in this proceeding was sentenced on March 31, 1954 as a second felony offender by the Kings County Court to an indeterminate term of from 2x/% to 5 years. On April 20, 1954, he was brought back from Sing Sing Prison and taken to Nassau County Court for trial on another indictment charging him with the felony of criminally possessing a pistol after having previously been convicted of a crime, in violation of subdivision 4 of section 1897 of the Penal Law. He pleaded guilty on November 19, 1954 and was sentenced on December 17, 1954 to an indeterminate term of from 3% to 7 years. In the meantime, he had spent 242 days in the Nassau County Jail and in imposing sentence, the County Judge ordered that the sentence be served “ with credit for time served in the Nassau County Jail, and concurrently as nearly as possible with sentence imposed in Kings County on March 31, 1954.” Thereafter, petitioner made a motion for an order coram nobis to inquire into the aforesaid judgment of conviction, the bases of which were: (1) double jeopardy; (2) failure to provide a speedy trial; (3) the application of the credited time to the sentence. Judge Lent, on January 13, 1955, denied the application, and, so far as the record shows, there was no appeal therefrom. Thereafter, petitioner made an application in Erie County and the order of Mr. Justice Nevins was appealed to the Appellate Division, Fourth Department. The decision by the Appellate Division was that the sentence imposed on December 17, 1954, was improper insofar as it gave petitioner credit on his Nassau County sentence (People ex rel. Coates v. Martin, 8 A D 2d 688). The court noted, however, that the Warden would be bound by the Nassau County sentence unless the error were corrected by appropriate judicial proceedings in the sentencing court. Thereafter, on May 15, 1959, on the basis of the Appellate Division decision, Judge Widlitz entered an order directing the Warden of the Attica State Prison to produce petitioner and deliver him into the custody of the Sheriff of Nassau County pending resentence. Petitioner was brought to Nassau and his resentencing has been postponed pending this application.
The application must be denied. The grounds alleged in the present proceeding are in many respects identical with those determined by Judge Lent. There having been no appeal from his decision, those points are foreclosed. (People v. Chase, 7 A D 2d 794.) The only additional question which petitioner *417 seeks to raise is the propriety of resentence by the Nassau County Court. It is not denied that even with the credit of 242 days originally given, petitioner’s sentence would not expire until October, 1960. He is, therefore, properly held under his present sentence and his application must be considered premature. (People ex rel. Devoe v. Kelly, 97 N. Y. 212; People ex rel. Fishweicher v. Snyder, 183 Misc. 549; cf. People v. Romano, 5 Misc 2d 171.)
The writ is dismissed and petitioner remanded.