Bernard S. Meyer, J.
By this writ of habeas corpus, relator seeks to be returned to Orange County for resentence, contending that section 480 of the Code of Criminal Procedure was not complied with at the time he was sentenced. Writ dismissed and relator remanded to custody.
The petition admits that after the Orange County conviction in March, 1958 relator was sentenced to 10 to 15 years and that thereafter, in December, 1958 he was convicted in Bronx County and given another 10 to 15 years sentence to run consecutively. It is also admitted by the petition that relator was convicted in Nassau County of yet another crime and is presently detained by respondent awaiting sentence for that offense.
Section 1231 of the Civil Practice Act provides that a person is not entitled to a writ ‘ ‘ where he has been committed or is detained by virtue of the final judgment or decree of a competent tribunal.” Section 1252 of the Civil Practice Act provides that ‘ ‘ The court or judge must forthwith make a final order to remand the prisoner if it appears that he is detained in custody ’ ’ by virtue of such a judgment ‘ ‘ and that the time for which he may legally be so detained has not expired. ’ ’ Section 1262 of the Civil Practice Act directs that “If it appears that he [the prisoner] is lawfully imprisoned or detained, and is not entitled to be bailed, the court or judge must make a final order dismissing the proceedings.” If the Orange County sentence were wholly void (which it is not, People v. Craig, 295 N. Y. 116,120), petitioner would nonetheless be validly detained by respondent for sentencing under the Nassau conviction and for return to prison to serve the Bronx sentence. His application is, therefore, premature, both because of the quoted statutory provisions (People ex rel. Dote v. Martin, 294 N. Y. 330; People ex rel. Young v. Fay, 278 App. Div. 774; People ex rel. Ravalli v. Jackson, 276 App. Div. 810; People ex rel. De Normand v. Martin, 266 App. Div. 31; People ex rel. Coates v. O’Hara, 21 Misc 2d 415) and as a matter of common law (McNally v. Hill, 293 U. S. 131).
While the writ must, therefore, be dismissed on the face of the petition, relator will not have to await the completion of the Bronx and Nassau sentences before testing the question whether *649 Ms “ substantial legal right ” under section 480 of the Code of Criminal Procedure (People ex rel. Miller v. Martin, 1 N Y 2d 406) has been violated. While ordinarily coram nobis is not available to try the question of improper sentence, that being a matter of law apparent on the record (People v. Sullivan, 3 N Y 2d 196), the minutes in the instant case record the answer “ No ” to the required question and it is only by evidence outside the record that the question of impropriety arises. Apparently, coram nobis would be available in such a case. In any event, the error in sentence may be corrected by appropriate proceedings in the sentencing court (People ex rel. Coates v. Martin, 8 A D 2d 688; People v. De Gennaro, 12 Misc 2d 35). Relator’s remedy is by application to the Orange County Court. Submit order.