SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

March 5, 1920.

## THE PEOPLE EX REL. FRANK J. HAND v. THE PRISON BOARD OF SING SING PRISON ET AL.

(191 App. Div. 127.)

PRISONS—PRISON LAW AND PENAL LAW, SECTION 2193, AS AMENDED, CONSTRUED—METHOD OF DETERMINING DURATION OF TERMS OF PRISONERS—PRISON BOARDS AND OFFICERS LIMITED TO FACTS APPEARING IN COMMITMENT PAPERS—MANDAMUS.

Under the Prison Law no method is provided by which the duration of the terms of prisoners sentenced to a State prison or penitentiary can be ascertained outside of the commitment papers. The boards and officers mentioned in article 9 of the Prison Law act upon the information conveyed to them by these papers and by the records of the prison.

Under section 2193 of the Penal Law, as amended by chapter 410 of the Laws of 1919, providing a method of conveying to such boards and officers information as to how long a person convicted of a crime spent in prison or jail prior to such conviction, the information must be conveyed by an indorsement made by the judge upon the commitment papers, and there is no authority permitting such boards and officers to act upon information obtained in any other way.

Hence, an order denying an application for a peremptory writ of mandamus commanding a prison board and the warden to give such information should be affirmed.

APPEAL by the relator, Frank J. Hand, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 28th day of November, 1919, denying an application for a peremptory writ of mandamus commanding that the prison board of Sing Sing Prison convene and determine the amount of compensation which they shall recommend to be allowed to the petitioner, and that, upon such recommendation being made, the warden of Sing Sing Prison allow the time spent by the petitioner in the City Prison of the City of New York as part of the term for which he was committed, and transmit the name of the petitioner to the Governor of the State of New York, in accordance with the provisions of the Prison Law of the State of New York, for such action as the Governor may determine. The relator was sentenced prior to May 5, 1919, when chapter 410 of the Laws of 1919 became a law.

*Isaac H. Levy* (*George Gordon Battle* with him on the brief), for the appellant.

*Henry C. Henderson, Deputy Attorney-General* (*Charles D. Newton, Attorney-General,* with him on the brief), for the respondents.

*Robert S. Johnstone, Assistant District Attorney* (*Edward Swann, District Attorney,* and *Felix C. Benvenga* with him on the brief), for the respondents.

PER CURIAM:

The Prison Law provides no method by which the duration of the terms of prisoners sentenced to a state prison or peni-

19

tentiary can be ascertained outside of the commitment papers. The boards and officers mentioned in article 9 of the Prison Law (as amended by Laws of 1916, chap. 358) act upon the information conveyed to them by these papers and by the records of the prison. Section 2193 of the Penal Law, as amended by chapter 410 of the Laws of 1919, provides a method of conveying to such boards and officers information as to how long a person convicted of a crime spent in a prison or jail prior to such conviction and before sentence. This information is to be conveyed by an indorsement made by the judge upon the commitment papers. This method of informing the prison officials is exclusive. There is no authority permitting them to act upon information obtained in any other way.

The order appealed from is affirmed, with ten dollars costs and disbursements.

MILLS, RICH, PUTNAM, BLACKMAR and JAYCOX, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.

## NOTE TO PENAL LAW, SECTION 2193, AS AMENDED.

Chapter 410, Laws 1919, though in form an amendment to this section, is entirely new, and as it affects no vested right it will in the interests of justice be held to be retroactive in operation and applicable to all convicts. But since a deduction in the term of imprisonment, as provided in this section, must be made according to the provisions of the Prison Law, a prisoner who does not follow that procedure is not entitled to his discharge. (People v. Warden, 109 Misc. 248.)

This section as amended does not apply to a case where a person convicted of a petty criminal offense in an inferior court has been under detention in a city jail before being committed to the county jail. (People v. Holcomb, 111 Misc. 460.)