THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM B. MELICK, Relator, *v.* EDGAR S. JENNINGS, as Warden of Auburn State Prison, Respondent.

Supreme Court, Cayuga County, May 25, 1928.

Crimes — sentence — relator was convicted on February 4, 1921, for assault in first degree and confined in Matteawan State Hospital — on August 9, 1922, he was convicted of burglary, third degree, and grand larceny, first degree, and sentenced to ten years in State prison — defendant is not entitled to time spent in State hospital upon his sentence under later conviction, within meaning of Penal Law, § 2193 — relator's term has not expired and writ of habeas corpus is dismissed.

Relator was convicted on February 4, 1921, for assault in the first degree and sentenced to confinement in the Matteawan State Hospital. On August 9, 1922, he was convicted of burglary, third degree, and grand larceny, first degree, and sentenced to ten years in State prison. He claims that the eighteen months and five days passed in the State hospital must be credited upon his sentence

---

* Since amd. by Laws of 1926, chap. 707.— [REP.

under the later conviction, and with such credit and the commutation earned, his term has expired and he should be released.

Section 2193 of the Penal Law, providing for commutation of sentence, does not permit credit upon a sentence under a later conviction for imprisonment served as a result of the prior conviction; a period of confinement under conviction of a crime may not be deducted from the term of a sentence imposed upon conviction of another crime, even though the crime resulting in the later conviction were committed before the first conviction.

Since relator's term has not expired, he is not entitled to be released under the writ of habeas corpus.

The certificate of a judge upon the commitment papers as to the time the prisoner has spent in jail previous to the sentence is the exclusive means of conveying to the prison authorities information with respect thereto and they are bound by such certificate.

HABEAS CORPUS proceeding.

*William B. Melick*, relator, in person.

*Albert Ottinger, Attorney-General*, for the respondent.

CUNNINGHAM, J.   On August 9, 1922, the relator was convicted of burglary, third degree, and grand larceny, first degree, and sentenced to ten years in prison. The crimes of which he was convicted were committed on March 13, 1920.

On February 4, 1921, he was convicted of assault in the first degree and upon such conviction was confined in Matteawan State Hospital, from which institution he was released on August 9, 1922.

The relator claims that the eighteen months and five days spent in Matteawan State Hospital must be credited upon his sentence under the later conviction; that with such credit and the commutation earned his term has expired and that he should be released.

The Penal Law provides that " any time spent by a person convicted of a crime in a prison or jail prior to his conviction and before sentence has been pronounced upon him, shall become and shall be calculated as a part of the term of the sentence imposed upon him." (Penal Law, § 2193, as amd. by Laws of 1919, chap. 410.)

It undoubtedly was the intention of the Legislature in enacting this provision to restrict the deduction of time spent in jail or prison previous to the sentence, to the time so spent while under arrest and detention for trial and sentence upon the charge for which the conviction is had and the sentence imposed. It does not include a term of imprisonment served as a result of a prior conviction. A period of confinement under conviction of a crime may not be deducted from the term of a sentence imposed upon conviction of another crime. This is so even though the crime resulting in the later conviction were committed before the first conviction.

Although the facts in this case do not come within the provisions

of section 2190 of the Penal Law, providing for different terms of imprisonment upon two or more convictions, that section does show the intention of the Legislature to permit cumulative sentences when a person has been convicted more than once. By the common law, cumulative sentences are authorized where the accused is convicted " of separate and distinct crimes in different indictments." (16 C. J. 1370, § 3224.)

The term of imprisonment upon a second conviction begins at the expiration of the term of the first sentence. (*People ex rel. Curtis* v. *Kidney*, 183 App. Div. 451; appeal dismissed, 225 N. Y. 299; *People ex rel. Newton* v. *Twombly*, 228 id. 33.)

It follows that the relator's term has not expired and that he is not entitled to be released.

I have inquired into the contentions of relator although the right to consider them in this proceeding may be questioned. It has been held that the certificate of a judge upon the commitment papers as to the time the prisoner spent in jail previous to the sentence is the exclusive means of conveying to the prison authorities information with respect thereto and that they are bound by such certificate. (*People ex rel. Hand* v. *Prison Board of Sing Sing*, 191 App. Div. 127.)

The writ is dismissed and the relator remanded to the custody of the warden of Auburn State Prison.