In the Matter of JACOB BERNOFF, Petitioner, against PETER F. AMOROSO, as Commissioner of Correction of the City of New York et al., Respondents.

Supreme Court, Special Term, New York County, October 4, 1946

*Arthur Sheinberg, Herbert J. Fabricant* and *Abraham Shapiro* for petitioner.

*Nathaniel L. Goldstein, Attorney-General* (*Philip Kahaner* of counsel), for respondents.

BOTEIN, J. Petitioner seeks an order in the nature of mandamus, pursuant to article 78 of the Civil Practice Act, directing certification of and recording, in accordance with subdivision 1 of section 2193 of the Penal Law, of a credit for 112 days' jail time to which he asserts he is entitled. He claims the credit for a period of confinement as a material witness pursuant to section 618-b of the Code of Criminal Procedure in a '' John Doe '' Grand Jury investigation prior to his release upon bail. This confinement period preceded his indictment, arrest and conviction for the crime under which he is presently serving his sentence.

Respondents by appropriate procedure (Civ. Prac. Act, § 1293) have raised the objection in point of law that the proceeding may not be maintained as it constitutes an attempt '' to review a determination * * * made in a criminal matter '' (Civ. Prac. Act, § 1285, subd. 2). If petitioner be correct in his contention, he is seeking merely to compel the performance of a clerical or ministerial act affecting his jail record and not to review a determination which has been made in a criminal case. Section 1285 of the Civil Practice Act has not deprived the court, in an article 78 proceeding, of the power to compel the performance of an act which, although it concerns a criminal case, does not constitute a review of a determination therein (*Bartkowiak* v. *Hunt,* 38 N. Y. S. 2d 717, 721; *People ex rel Arrow* v. *Hunt,* 259 App. Div. 1071; *Matter of Hines* v. *State Board of Parole,* 181 Misc. 274). Accordingly the respondents' objections in point of law are overruled.

Subdivision 1 of section 2193 of the Penal Law provides that " Any time spent by a person convicted of a crime in a prison or jail prior to his conviction and before sentence has been pronounced upon him, shall become and be calculated as part of the term of the sentence imposed upon him * * *." The amount of time thus spent is required to be certified prior to sentence and indorsed upon the commitment papers delivered to the proper officer in execution of the judgment. Obviously, the time spent in jail prior to conviction must, at least, bear an intimate and substantial relationship to the crime for which such person is subsequently convicted (*People ex rel. Melick* v. *Jennings,* 132 Misc. 197; 1933 Atty. Gen. 536, quoted with apparent approval in *People ex rel. Montana* v. *McGee,* 16 N. Y. S. 2d 162, 165). It follows necessarily that the imprisonment prior to conviction must be based upon a charge which subsequently matures in conviction and sentence.

Here petitioner alleges that his imprisonment prior to conviction resulted from his commitment as a material witness for the People in a " John Doe " Grand Jury investigation, pursuant to section 618-b of the Code of Criminal Procedure, and that his indictment for the crime for which he was convicted and sentenced " arose out of and resulted from the said ' John Doe ' investigation."

Attendance of persons before a grand jury is governed exclusively by section 609 of the Code of Criminal Procedure which authorizes the district attorney to issue subpœnas for " witnesses " to " appear before the grand jury, upon an investigation pending before them." This is the only provision of law which empowers the district attorney to compel the appearance of a person before the grand jury (*People ex rel. Drake* v. *Andrews,* 134 App. Div. 32, 36-37, dissenting opinion by McLennan, P. J., revd. 197 N. Y. 53). Section 609 specifically limits persons for whom subpœnas may be issued to " witnesses ". The generic term " persons " is not used. This is clear recognition of the distinction which exists between persons who are the objects of grand jury inquiry and " witnesses ". Accordingly, the grant of power to subpœna persons to appear before a grand jury is limited to " witnesses ". (*People* v. *Gillette,* 126 App. Div. 665, 670; *People* v. *Bermel,* 71 Misc. 356, 357-358; see, also, Bender's Grand Juror's Manual [1927 ed.], p. 27; Dennis, Grand Jury Manual [1936 ed.], p. 20).

Since section 618-b of the Code of Criminal Procedure is likewise limited in application to " a necessary and material wit-

ness ", it necessarily follows that its grant of power does not extend to or encompass persons against whom grand jury action is directed. If there be accorded to the prior confinement of petitioner the presumption of regularity which attaches to unimpugned official and judicial action, it must logically be concluded that petitioner's confinement as a material witness was in a grand jury proceeding directed at persons other than himself. This would not entitle him to credit for time spent under subdivision 1 of section 2193 of the Penal Law (*People ex rel. Melick* v. *Jennings,* 132 Misc. 197, *supra;* 1933 Atty. Gen. 536; *People ex rel. Montana* v. *McGee,* 16 N. Y. S. 2d 162, *supra*). If, on the other hand, he were in fact a party or person proceeded against in the " John Doe " Grand Jury investigation, his confinement as a material witness was unlawful and irregular. There is implicit in the grant of credit for time spent prior to conviction provided for in subdivision 1 of section 2193 of the Penal Law, that the period of confinement be regular and lawful. The second of these alternatives cannot, therefore, afford a ground for relief to petitioner.

The petition is dismissed. Settle order.