THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM JACKSON, Respondent, against LE ROY WEAVER, as Superintendent of Elmira Reformatory, et al., Defendants. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

Third Department, November 14, 1951.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Solicitor-General, Herman N. Harcourt* and *William S. Elder, Jr.,* of counsel), for appellant.

*Paul H. McCabe* for respondent.

FOSTER, P. J. The People appeal from an order of the Supreme Court at Special Term which sustained a writ of habeas corpus and directed the discharge of relator forthwith.

Relator was convicted in the Court of General Sessions, New York County, of a misdemeanor, and sentenced therefor on May 20, 1948, to the Reception Center of the Department of Correction at Elmira, New York, pursuant to article 3-A of the Correction Law. This was the equivalent of a maximum term of three years (Correction Law, § 288). At the time of sentence there was indorsed on the certificate of conviction a credit for thirty-eight day's jail time served prior to sentence. This was later amended to show a credit for forty-two days.

Relator was not received at the Reception Center in Elmira until May 25, 1948, and hence there was a delay of five days between that time and the date of his sentence for which he received no credit. His maximum sentence expired either on April 12, 1951, or five days earlier on April 7, 1951. When he was not released on April 7th he sued out a writ of habeas corpus and the Special Term sustained the writ and directed his discharge.

The State's position is that relator was not entitled to credit for the five-day delay between the date of his sentence and his arrival at Elmira because there is neither legislative nor common-law sanction for such credit. *People ex rel. Stokes* v. *Warden* (66 N. Y. 342) is cited by way of analogy. That case however dealt with jail time before sentence, and was decided before the Legislature directed that jail time of such character should be credited to any sentence imposed after conviction (Penal Law, § 2193). Of course jail time served before a conviction would not be a part of any sentence imposed unless provided for by a legislative directive.

The case here is different, for the time involved elapsed after sentence was imposed. A plausible argument can be made to the effect that such time must of necessity be a part of the sentence. The relator here, after sentence, was not detained by virtue of any commitment made prior thereto. All previous commitments fell when sentence was imposed, and thereafter he was detained by virtue of the sentence alone. Under this theory he began the service of his term of imprisonment the moment his sentence fell from the judge's lips although physically he was not present at the Reception Center in Elmira. This theory however conflicts with an apparent legislative intent to the contrary. Section 231 of the Correction Law, which has been unchanged for many years, provides: " For the purpose of this article the term of imprisonment of each prisoner shall begin on the date of his or her actual incarceration in a state prison or penitentiary." While this section is not directly applicable to the case here, for relator, convicted only of a misdemeanor, could not be sent to a State prison (Correction Law, § 63), nevertheless by implication the legislative intent is clear; the date of actual incarceration controls.

Aside from the foregoing, difficulties of administration must be given consideration. The warden or superintendent of an institution can only determine the duration of a sentence from the commitment papers accompanying a prisoner (*People ex rel. Hand* v. *Prison Board of Sing Sing*, 191 App. Div. 127; Code Crim. Pro., §§ 486, 487, 488). He can neither add nor detract therefrom. What may happen between the date of the sentence and the date when a prisoner is actually received by him he is not bound to know. Quite conceivably a certificate of reasonable doubt may have issued pending an appeal, and a prisoner may or may not have been released on bail, but in either event the time elapsing because of such procedure is nothing a warden is required to take cognizance of, and cannot be credited as jail

time (*People ex rel. Uebelmesser* v. *Carter,* 176 App. Div. 804). In the absence of some legislative directive, with an appropriate scheme for administration, we reach the conclusion that relator was not entitled to have the delay complained of applied as a part of his sentence or in reduction thereof.

The order sustaining the writ should be reversed and the relator remanded to custody.

HEFFERNAN, BREWSTER, BERGAN and COON, JJ., concur.

Order sustaining a writ of habeas corpus reversed, on the law, and the relator remanded to custody.