Arthur D. Brennan, J.
In this article 78 proceeding, the petitioner applies, among other things, for an order, in the nature of mandamus, requiring the respondent warden to allow to the petitioner, and to note on the respondent’s records that the petitioner is entitled to, a credit of 89 days against each of the three sentences imposed upon him by the County Court of Westchester County.
It appears that on his plea of guilty, the petitioner was convicted in the County Court of this county of two charges of unlawful entry and one charge of conspiracy. The court imposed a sentence, on each count, of one year in the County Penitentiary together with a fine, on each count, of $500; each of these sentences was ordered to run consecutively. On March 1, 1955 three separate commitments were issued with respect to the three aforesaid sentences and each commitment bore an indorsement, pursuant to section 2193 of the Penal Law, certifying that the petitioner was entitled to a credit of 89 days for time served. The respondent warden has taken the position that since the petitioner served the aforesaid period of 89 days while awaiting the disposition of, and commitments under, all of the three crimes of which said petitioner was convicted, said petitioner is entitled to a credit of 89 days against the sentence imposed upon him for one but not all of said crimes.
The preliminary objection relating to the procedural means employed by the petitioner on this application, is overruled. The petition and notice of motion herein contain sufficient allegations and a sufficient prayer for an order in the nature of mandamus and this court holds that to that extent, the instant proceeding is available and is proper. (People ex rel. Anow v. Hunt, 259 App. Div. 1071; Matter of Hines v. State Board of Parole, 181 Misc. 274.)
Turning now to the main issue presented, this court is of the opinion that the petitioner’s application for the relief hereinabove mentioned should be and the same is granted. The indorsement on each of the subject commitments certifies that the petitioner is entitled to a credit of 89 days on the sentence *971 ordered and specified in each commitment and so long as each commitment with the aforesaid indorsement thereon remains unchanged, it is the duty of the warden to honor and not to challenge the same.
If it be contended that the subject commitments are erroneous in that an indorsement of credit should have been made on one but not all of the same, then an application may be made (in the County Court) by the officer who made the indorsements or by the district attorney of Westchester County (who has an interest in the issuance of proper commitments) to correct any of the aforesaid commitments so as to eliminate any erroneous certifications indorsed thereon.
Accordingly, the application is granted to the extent above indicated, but without costs. Settle order on notice.