Samuel J. Joseph, J.
The defendant was convicted by jury verdict of rape, first degree, and on September 22, 1953, was sentenced by this court, as a second offender, to State prison for a term of 10 to 20 years. This judgment of conviction was unanimously affirmed on appeal (284 App. Div. 878). Several applications, in the nature of coram nobis, were thereafter made by the defendant attacking the legality of the said judgment of conviction on various grounds, each of which were denied. In his latest petition the defendant urges his recall for resentence on the ground that section 480 of the Code of Criminal Procedure, was not complied with, i. e., he was not asked whether he had any legal cause why judgment should not be pronounced against him. He further seeks to receive three days’ credit as jail time under section 2193 of the Penal Law for his confinement in a Michigan county jail, pending his delivery to the Hew York authorities, and time spent in his transportation to Hew York and his confinement in the Bronx City Prison. As to the merits of these claims, the available sentencing minutes establish compliance with the requirements of section 480 of the Code of Criminal Procedure. The one-week stay of execution of the judgment imposed by this court has no relevancy to the challenged legality of such proceeding. The cited case of People ex rel. Miller v. Martin (1 N Y 2d 406) is without applicability to the facts of the instant case. On the jail-time credit sought, it appears that the defendant’s commitment papers have indorsed thereon as jail time the actual period spent by him in The Bronx City Prison prior to his sentence. Any grievance with respect to the time allotted may be tested by the defendant at the proper time under habeas corpus. The motion is in all respects denied.