Mn/coir A. Wiltsb, J.
A hearing, upon application of the above-named defendant, Amos J. Tyson, alias James A. Tyson, for granting of a writ of error coram nobis, seeking a modification of a sentence as a second felony offender, rendered in this court, in 1938, was held in the County Court of Jefferson County upon the 7th day of December, 1956. Defendant also sought his release on other grounds hereinafter mentioned. He was present in person and represented by counsel above named, and the District Attorney of Jefferson County appeared for the People of the State of New York.
This is the third coram nobis proceeding that has been instituted by said defendant. Determinations with respect to some of the matters in controversy are reported in People v. Tyson (127 N. Y. S. 2d 588).
A vast majority of the questions raised here have already been determined in the citation immediately above mentioned. To refer to that decision very briefly, it involved his aforesaid sentence as a second felony offender, in this court, in the year 1938, prior to the modification of a conviction as a second felony offender in Broome County. The decision referred to held that he was properly sentenced as a second felony offender in the Jefferson County Court, and his application for a writ of error coram nobis was denied.
Grounds upon which defendant relies in the instant application have been extremely difficult to determine, largely because grounds relied upon heretofore are intermingled with some additional material. However, it is gathered, from the moving papers, the testimony, and the memoranda, that he and his assigned attorney have submitted, that it is predicated upon the following statements:
1. During the time that he was under release on parole by the State of New York, after his sentence in 1938 as a second felony offender, and the modification of the Broome County sentence reported as aforesaid, he was apprehended by various law enforcement officials in the State of New Jersey and the State of Connecticut. His pleas of guilty or convictions in those States resulted in suspended sentences, and he was thereafter returned to the State of New York.
His contentions are that his incarceration, if any, in any other jurisdiction, while he was released on parole by the State of New York, deprived him of his constitutional rights, and that he should lie credited with the time that he was confined outside *724 of New York State; and that his prosecution in any other jurisdiction constituted an interruption of his sentence in New York State, even though he was on parole, and outside New York State at such time, or times; and that he is consequently entitled to be released under his present application.
2. It appears, factually, that he received suspended sentences in the other States, and that he was only confined while awaiting arraignment, and that after these suspended sentences, he was returned to New York State authorities.
3. It further appears that he was afforded his constitutional rights to a ‘ speedy trial”, under both Federal and State statutes, and that he was not released to any other jurisdiction for imprisonment while he was on parole, and that he only was held in some other jurisdiction until his case or cases were disposed of; and that upon suspension of the execution of sentences in other jurisdictions, he was returned to the authorities in New York State; and that thereupon, the parole authorities of New York State caused his parole to be revoked, and calculated the length of the term that he should be required to serve, under his judgment of conviction and sentence of 1938 in Jefferson County.
He bases his claim largely upon the case of People ex rel. Lee v. Jackson (131 N. Y. S. 2d 278) and the Federal and State statutes and appellate court decisions therein cited. These authorities appear to contemplate a different factual situation than we have herein; some of same defining defendant’s right to a “ speedy trial ” for a crime allegedly committed prior to an instant incarceration, and to a defendant’s release to serve a sentence in another jurisdiction while actually confined in a New York State institution. That was not the situation in the instant application. He was on parole by order of the duly constituted authorities of the State of New York, and wandered to other jurisdictions, was apprehended and convicted upon charges of crime therein, and received suspended sentences, and was occasionally held for a short time in those jurisdictions prior to sentence.
Fundamentally, it seems that we are confronted with the same question that was raised in the prior coram nobis applications, namely, was his sentence as a second felony offender in Jefferson Uounty in 1938 proper, after a modification of certain other judgments of conviction V That question has been answered in the affirmative in this court in the citation aforesaid, and no reason is seen now for changing the same, by reason of any additional facts or authorities produced by the defendant or his counsel.
*725 4. At the time of the hearing, upon the present application of the defendant, at first glance, it appeared that he might have a situation that has been reported in many recent cases, wherein it has been held that a defendant incarcerated in another jurisdiction while he was still on parole in New York State should have the sentence served in the other jurisdiction credited to him in the State of New York. His reliance upon that proposition appears to be the case of People ex rel. Rainone v. Murphy (1 N Y 2d 367).
The facts in the case immediately above mentioned are entirely different from the present facts hereinbefore set forth, as same are understood by this court; although, frankly, it has been difficult to determine the facts from the defendant’s papers, since he has intermingled the present proceeding and this contention numbered “ 4 ” with grounds set forth in other coram nobis applications and his foregoing contentions.
In any event, should we follow the reasoning of the defendant as to his incarceration in another jurisdiction, it would appear that, under the proper proceeding, he would be entitled to, at most, credit in New York State for the time that he was held in some other jurisdiction, before sentence was pronounced. These sentences in other jurisdictions were suspended, and the only confinement was while awaiting arraignment and sentence.
Should this court, however, have authority to determine such credit, if any, it would be determined herein. However, if any credit is due, under the authorities mentioned above, to the term that is presently being served by the defendant, it is our opinion that the same should be determined under a habeas corpus proceeding in the proper court, and not by way of an application for writ of error coram nobis.
It is also felt that any illegal detention of this defendant, if any there be, should be decided by way of an application for a writ of habeas corpus. (Matter of Morhous v. N. Y. Supreme Court, 293 N. Y. 131.)
Accordingly, the application of the defendant in this instance is denied in all respects, without prejudice, of course, to any other proper application that may be made, and the District Attorney of Jefferson County is respectfully asked to forward a copy of this decision, after entry thereof, to the aforesaid defendant, and to his counsel; and to prepare an order, in accordance with the above, and enter the same, after execution thereof, and forward a copy of said order to the defendant and to his counsel.