Thomas Dickens, J.
From prison, where he is now serving a sentence in consequent punishment for another crime, defendant solicits the good graces of this court to lend its approval to a de novo proceeding regarding another sentence already expired.
In this way he expresses the hope of being enabled to recover the loss of credit for time served in jail prior to conviction and before sentence.
He attributes the cause of the loss of such time to the Parole Division of the Department of Correction as a result of its refusal to obey a corrective order made by the sentencing Judge subsequently to the pronouncement of the sentence at bar. The order provided for an adjustment of the original computation of aggregate credits pertaining to the number of credits allowed on each of several indictments. These total credits, he states, had originally been included as part of the consummation of a compromise plea of guilty taken to one of these indictments, with the effect of having this indictment and its plea cover and absorb the other indictments.
*908 However, as noted before, the sentence under review had already expired. Such being the case, the question here appears to be academic. (People ex rel. Walker v. People, 3 A D 2d 623.)
In any event, even if timely brought, a cormn nobis process, according to judicial rulings, seems not to be the proper remedy where jail-time credit is the topic of contention. Rightfully, an order in the nature of a mandamus or an application for the issuance of a mandate in habeas corpus, as the case might be, is deemed to be the proper recourse for time-credit or illegal detention. (Matter of Donohue v. Brown, 3 Misc 2d 969; People v. Romano, 5 Misc 2d 171; People v. Tyson, 6 Misc 2d 722.)
The invariable answer to defendant’s request for intervention in this forum, must be one in the negative.
Motion denied.
The District Attorney is directed to enter an order in conformance with the decision herein and to forward a certified copy to defendant.