■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ONIE D. COATES, SR., Respondent, against WALTER B. MARTIN, Individually and as Warden of Attica Prison, Appellant.— Order affirmed, without costs of this appeal to either party. Memorandum: The petitioner-respondent had been sentenced on March 31, 1954 as a second felony offender by the Kings County Court to an indeterminate term of from two and one-half years to five years. On April 20, 1954 he was brought back from Sing Sing Prison and taken to Nassau County Court for trial on another indictment, charging him with the felony of criminally possessing a pistol after having been previously convicted of a crime, in violation of subdivision 4 of section 1897 of the Penal Law. He pleaded guilty on November 19, 1954 and he was sentenced on December 17, 1954 to an indeterminate term of from three and one-half years to seven years. (This was the shortest sentence which it was permissible for the court to impose, under sections 1935 and 1941 of the Penal Law.) The petitioner, in the meantime, had spent 242 days in the Nassau County Jail. In imposing sentence, the Nassau County Judge ordered that the sentence be served " with credit for time served in the Nassau County Jail, and concurrent as nearly as possible with sentence imposed in Kings County on March 31, 1954." This sentence was improper. The petitioner, throughout the period of his incarceration in the County Jail, was under the Kings County sentence, and was not being held solely by reason of the pendency of the Nassau County charge for which he was ultimately sentenced. Hence section 2193 of the Penal Law was not applicable. The petitioner received full credit on his Kings County sentence for the time he spent in the Nassau County Jail. Nevertheless, the Warden had no right to refuse to give the petitioner credit for 242 days upon the Nassau County sentence, as directed by the court. Prison officials are bound by the terms of the commitment papers and they cannot add to or detract therefrom (*People ex rel. Jackson* v. *Weaver*, 279 App. Div. 88; *People ex rel. Hand* v. *Prison Board*, 191 App. Div. 127). The error in the sentence must be corrected by appropriate judicial proceedings in the sentencing court (*Matter of Donohue* v. *Brown*, 3 Misc 2d 969). All concur. (Appeal from an order of Erie Special Term directing the Warden of Attica Prison to credit relator with 242 days of jail time.) Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.

■ LE GRANDE SMITH et al., Appellants, v. TOWN OF SANDY CREEK, Respondent.— Judgment affirmed, without costs of this appeal to any party. All concur. (Appeal from a judgment of Oswego Equity Term in favor of defendant in an action for a declaratory judgment determining right of way over realty.) Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.