Samuel M. G-old, J.
This is purportedly an article 78 (Civ. Prac. Act) proceeding to direct respondent Commissioner of Correction to correct records concerning the commitment of petitioner, who is presently an inmate of Auburn State Prison. Petitioner contends that he should have been credited with *211 588 days of detention in Manhattan City Prison instead of the 437 days actually credited.
On October 29, 1955 petitioner was committed to said Manhattan City Prison on a charge of burglary in the third degree, allegedly committed in New York County. On February 6,1956 a warrant for petitioner’s arrest on a robbery charge in Kings County was filed at the prison. Thereafter, petitioner was indicted in Kings County for attempted robbery in the first degree, convicted of that crime on November 1, 1956 and sentenced on January 8, 1957 to a term of 7% to 10 years thereon. Petitioner did not immediately begin service of this sentence in a State prison, however, because of the burglary charge still pending against him. On May 2, 1957, petitioner was permitted to plead guilty to a lesser charge of conspiracy under the burglary indictment, and on June 7, 1957, he was sentenced to “ time already served” on the conspiracy plea. Petitioner now claims that the full 588 days spent in the city prison, awaiting the disposition of both cases, should be credited to his State prison sentence, and that a Warden in the city prison falsely represented to him that such time would be credited. First of all, petitioner’s claim of concurrent sentences entitling him to the time served in the city prison between January 8, 1957 and June 7, 1957, is not well taken. A State prison sentence does not begin to run until a prisoner is physically delivered to the Warden of the State prison (Correction Law, § 231). Petitioner’s detention in the city prison after January 8, 1957, was not as a result of the State prison sentence, but solely because of the undisposed burglary charge on which he had then been neither convicted nor sentenced. Nor were concurrent sentences running before June 7, 1957, and, on that date, since the sentence was for “ time already served ”, no sentence ran concurrently and nothing more remained to be served that might run consecutively. Petitioner’s reliance on section 2190 of the Penal Law is misplaced.
Petitioner does not mention the name of the Warden in the city prison who allegedly told him that time served there would be credited. If such did occur, the representation may not have been false, but merely misunderstood by petitioner. Before conviction, and sentence, any time served, which relates to a particular charge, is, in fact, credited to any sentence imposed on that charge (Penal Law, § 2193). Nevertheless, whether representations were made as alleged or not, and whether they were true, false or misinterpreted, can have no bearing on the present proceeding. A city officer or employee cannot bind the city by estoppel, and the city is not liable for unauthorized *212 statements or representations by suck officers or eiaployees (see New York City Employees’ Retirement System v. Eliot, 267 N. Y. 193; Lord & Burnham Co. v. City of New York, 251 N. Y. 198, 204; Schuster v. City of New York, 207 Misc. 1102; Brill v. Wagner, 5 Misc 2d 768).
Moreover, since from October 29, 1955 until February 6, 1956, when the Kings County warrant was filed, petitioner was in custody solely by virtue of the burglary charge, he should not have been credited with the more than three months’ time served between those dates (Matter of Bernoff v. Amoroso, 188 Misc. 845, affd. without opinion 271 App. Div. 925). If any records are to be corrected by means of this petition, it should be this obvious error, since this period is erroneously included in the 437 days now credited to petitioner.
Although petitioner’s longhand papers, submitted herein, do not adhere strictly to the requirements of section 1288 of the Civil Practice Act, as to the bringing of an article 78 proceeding, they will be deemed, under the circumstances, to be sufficient. Therefore, in view of the foregoing recital, the petition is dismissed.