■ In the Matter of DOMINICK BRETTI, Respondent, v. ARCHIE G. EASTMAN, as Sheriff of Oneida County, Appellant.— Order unanimously reversed, without costs of this appeal to either party and proceeding dismissed, without costs. Memorandum: This was a proceeding to compel the Sheriff of Oneida County to amend his notation on the commitment of the respondent to Elmira Reception Center by increasing his jail term credit from 75 days to 85 days. Respondent was indicted by an Oneida County Grand Jury. He pleaded guilty to the crime charged on the 12th day of November 1954, and was sentenced to Elmira Reception Center on the same day. He was received at the Reception Center on November 23, 1954 with a notation on his commitment of an allowance of 75 days' jail time. He claims that the time from sentence to delivery to the Elmira Reception Center should be credited on his sentence. Special Term directed that such time intervening between sentencing and delivery to the correctional institution be credited to the petitioner. Section 231 of the Correction Law provides that the time of imprisonment of a prisoner shall begin on the date of his actual incarceration in the reception center. Section 2193 of the Penal Law provides that the time spend in jail after arrest and before sentence constitutes jail time for which the prisoner is to be given credit and it is calculated as part of the sentence imposed. There is no provision of law for crediting time spent in jail after sentence and before being received in a State correctional institution. (Cf. *People ex rel. Jackson* v. *Weaver*, 279 App. Div. 88.) The proceeding herein was not one in habeas corpus although the final paragraph of the order might so indicate. The order is procedurally improper but we prefer to answer the question on its merits. The legislative attempt to meet the problem and the Governor's veto message indicates the very real question presented. It also indicates that the remedy is to be sought not in the judicial forum but in the legislative. The order was improper and should be reversed. (Appeal from order of Oneida Special Term directing the respondent Sheriff to credit 10 days of time in Oneida County Jail after date of sentencing and discharging defendant from Attica.) Present.— Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE BARTLAM, Appellant, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent.— Order unanimously affirmed, without costs of this appeal to either party. (Appeal from order of Cayuga Special Term dismissing a writ of habeas corpus and remanding relator to the custody of the Warden.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.