John F. Scileppi, J.
This is an article 78 (Civ. Prac. Act) proceeding to direct respondent, the New York State Board of Parole, to correct its records concerning the commitment of the petitioner, who is presently an inmate in State prison (the Green Haven Prison, Stormville, New York). The petitioner contends that he should have been credited with 32 additional days’ detention in the city jail in Queens while awaiting sentence before the Queens County Court.
This petitioner has previously made two applications for ivrits of habeas corpus. The first application was made to the Supreme Court, Westchester County (a hearing having been held on February 21, 1962) and the said writ was denied. In this writ the petitioner sought credit for the period of time between August 19, 1959 and January 8, 1960. An appeal is now pending from this denial.
Thereafter in April, 1962, the petitioner brought a writ of habeas corpus before the Supreme Court, Dutchess County, again seeking to obtain credit for the period between August 20, 1959 and February 24, 1960, This writ was denied and an *160 appeal is pending from the denial. Both, these applications covered all of the period which is the basis of these proceedings.
The petitioner was indicted on July 15, 1959, for the crime of forgery in the third degree (2 counts). On February 1, 2 and 3, 1960, the petitioner was tried before a jury in Queens County Court and was found guilty as indicted. On February 24, 1960, the petitioner was sentenced to Sing Sing Prison for a term of not less than two and one-half nor more than five years on each count, said sentence to run consecutively. An appeal was taken from the judgment of conviction and on July 11,1961, the Appellate Division of the Second Department reversed the conviction on the law and on the facts and ordered a new trial (14 A D 2d 575).
On September 18, 1961, a superseding indictment was filed charging the defendant with forgery in the third degree (4 counts). The petitioner was arraigned on said indictment on September 22, 1961, and in the presence of retained counsel pleaded not guilty. On November 1, 1961, the petitioner, before trial, pleaded guilty to attempted forgery in the third degree to cover all counts of the superseding indictment and on November 3, 1961, was sentenced to Sing Sing Prison for one year and three months to two years and six months.
The petitioner brings this article 78 proceeding on the authority of Matter of Browne v. New York State Bd. of Parole (10 N Y 2d 116), for the purpose of getting an adjudication prior to the time that he contends his legal sentence expires. The petitioner alleges that his maximum sentence has been determined to expire on October 30, 1962, and that the New York State Board of Parole in fixing that time has failed to give him credit for a period of 32 days from August 19, 1959 through September 21,1959. That should credit be given for this time, the petitioner’s maximum time would expire September 28, 1962.
The proof establishes the following chronological facts:
a. Joseph Michael William Brady was admitted to the Queens House of Detention for Men on April 21, 1959, on a Court of Special Sessions bench warrant charging him with crime under section 3351 of the Public Health Law (a misdemeanor).
b. On April 23, 1959 he was returned to the Court of Special Sessions, Queens, on that charge. He did not return to Queens House of Detention for Men from that court.
c. Op May 27, 1959, he was committed to Queens House pf Detention by Judge Fitzpatrick in Felony Court (City Magisr trate’s Court), Queens, on charge of violation of section 889 of the Penal Law, the charge in County Court (forgery, third *161 degree), and on the same date a City of New York parole warrant No. 17728 was filed against him.
d. On June 18, 1959 a Court of Special Sessions, Queens, warrant No. 765/59, for violation of section 3351 of the Public Health Law, was filed against him.
e. On August 20, 1959 he was arraigned on Court of Special Sessions warrant (violation of section 3351 of Public Health Law).
f. On September 21, 1959 he was sentenced in the Court of Special Sessions for violation of section 3351 of the Public Health Law to six months in the penitentiary.
g. On September 22,1959 he Avas transferred to Bikers Island Penitentiary to serve that sentence.
h. A certificate of jail time was forwarded to the penitentiary crediting Joseph Michael William Brady with 35 days’ jail time.
From the foregoing it is shoAvn that the petitioner was credited with 3 days from April 21 to April 23, 1959 inclusive, and for a period of 32 days from August 20, 1959 to September 20, 1959 inclusive, making a total credit of 35 days.
The petitioner was sentenced in the Court of Special Sessions on September 21,1959 to a term of six months in the Ncav York City Penitentiary. By reason of the days credited, the petitioner was released from the aforesaid penitentiary on January 8, 1960.
The petitioner cannot receive credit on íavo different sentences for the same period of time within which he Avas incarcerated prior to sentence (People ex rel. Melick v. Jennings, 132 Misc. 197, 198). At the time that he was serving his sentence in the New York City penitentiary on the misdemeanor conviction he received credit towards that sentence for the period August 20, 1959 to September 20, 1959 inclusive.
Accordingly the application is denied and the petition is dismissed.