■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE JOSEPH BOUNDY, Appellant.— Order of the Supreme Court, Kings County, dated February 16, 1966 which denied, after a hearing, a *coram nobis* application to vacate two judgments of said court rendered on resentence on February 7, 1964, affirmed. No opinion. (Another order of said court, also made on February 16, 1966, denied defendant's motion to reargue said application.) Beldock, P. J., Christ, Brennan, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLARENCE LOVETT BROWN, Appellant.— Appeal from order of the Supreme Court, Queens County, dated September 30, 1966, dismissed. An order denying a motion for resentence is not appealable (*People* v. *Soviero*, 27 A D 2d 548). We have considered the merits, however, and if we were not dismissing the appeal we would have affirmed the order (Penal Law, § 1941). Ughetta, Acting P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LINWOOD JACKSON, Appellant.— Judgment of the County Court, Nassau County, rendered June 21, 1965, convicting defendant of attempted possession of a narcotic drug as a felony, upon his plea of guilty, and sentencing him to a prison term of four to five years, affirmed. Defendant contends that the sentence imposed should have been an indeterminate term of one and one-half years to five years. His interpretation of the statutes applicable fails to recognize that the prescribed minimum term of imprisonment for attempted possession of narcotics is "*not less than*" half of three years (Penal Law, § 1751, subds. 3, 5; § 261, subd. 2; § 2189) and that the statutes do not prescribe any outer limit for the minimum term of imprisonment so long as it does not exceed one half of the maximum prescribed for the consummation of the intended crime itself. The phrase "not less than" one and one-half years is not to be read, as defendant contends, as if it were "not more than" one and one-half years (cf. *People ex rel. Warner* v. *Fay*, 24 A D 2d 556). Beldock, P. J., Ughetta, Rabin, Benjamin and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAYMOND KAVANAUGH, Appellant.— Judgment of the County Court, Nassau County, rendered November 2, 1966 on resentence, affirmed. (cf. *Matter of Bretti* v. *Eastman*, 16 A D 2d 1027; *People ex rel. Jackson* v. *Weaver*, 279 App. Div. 88.) Beldock, P. J., Ughetta, Rabin, Benjamin and Munder, JJ., concur.