■ In the Matter of NICHOLAS ANGELO, Appellant, v. WARDEN OF THE PENITENTIARY OF THE CITY OF NEW YORK, Respondent.— Order entered January 9, 1968 denying application pursuant to CPLR 7801 for an order directing the Warden of the New York City Penitentiary to amend his records, unanimously reversed, on the law and the facts, without costs or disbursements, and the cause is remanded for a hearing and appropriate applications. The record before us is inadequate to determine the sentence imposed. Petitioner cannot receive credit on five different sentences for the same period of time with which he was incarcerated prior to sentence. (*Matter of Brady* v. *New York State Board of Parole*, 36 Misc 2d 159; see, also, *People ex rel. Fernandez* v. *Kaiser*, 230 App. Div. 646, affd. 256 N. Y. 581, cert. den. 284 U. S. 631. Concur — Stevens, J. P., Steuer, Tilzer, McGivern and McNally, JJ.

■ In the Matter of ANNETTE G. GRABOIS, as Committee of the Person and Property of MARIAN GROSNER, Incompetent. ANNETTE G. GRABOIS et al., Appellants-Respondents; W. SCOTT LONG, JR., as Guardian ad Litem for MARIAN GROSNER, an Incompetent Person, Respondent-Appellant.— Order entered May 18, 1967, as appealed from, unanimously modified, on the law, on the facts and in the exercise of discretion, to the extent of increasing the counsel fee awarded to Steptoe & Johnson, Esqs., to $15,000 inclusive of disbursements, and to reduce the counsel fee awarded Spencer & Tunstead, Esqs., to the sum of $3,000 inclusive of disbursements. While the record is somewhat sparse in itemizing the services rendered by Steptoe & Johnson, Esqs., sufficient is gleaned from the record as a whole to conclude that the result of their legal efforts was of substantial financial benefit to the incompetent. Initial defeat in the litigation commenced by them was eventually overcome on appeal, and the issues apparently involved considerable work and detail (see, generally, *Matter of Burk*, 6 A D 2d 429, 430). Tested by similar standards (*Matter of Burk, supra*), the fee awarded Spencer & Tunstead, Esqs., should be modified as indicated. It is difficult to determine what services, if any, beyond referral of the case to Steptoe & Johnson were rendered by them in connection with the Washington proceedings, and the sum now allowed is adequate compensation for such other services as are set forth. As hereinabove modified the order appealed from is otherwise affirmed, with $30 costs and disbursements to all parties filing briefs, payable out of the estate. In arriving at the sum of $3,000 we disallow $34.12 representing lunches and taxi fare. Concur — Botein, P. J., Stevens, Capozzoli, Rabin and McNally, JJ.

■ In the Matter of RODNEY JENKINS, Respondent, v. AMERICAN HORSE SHOWS ASSOCIATION, INC., Appellant.— Order and judgment (one paper) mandating a new hearing, unanimously reversed, on the law, with $30 costs and disbursements to appellant, and petition dismissed. The record, which consists of (1) the steward's report of the incident, (2) an addendum to the steward's report, (3) the charge, (4) the secretary's longhand notes, (5) the official minutes of the meeting, and (6) the notice of the action taken by the committee, amply demonstrates petitioner violated the rules of the respondent-appellant Association by using an unauthorized type of pole in an area not designated for schooling horses. The determination was neither arbitrary nor capricious. The record contains findings which are sufficient to inform the court and parties as to the findings made and their bases. (*Matter of Badrow* v. *Common Council*, 26 A D 2d 611.) The hearing was not a statutory one, and the record establishes a rational basis for the determination. (See *Matter of Colton* v. *Berman*, 21 N Y 2d 322.) This is especially so in view of the fact that the record shows there is no denial by petitioner of the specific charges. We do not find the punishment excessive. Concur — Botein, P. J., Eager, Capozzoli, Rabin and McNally, JJ.