Joseph F. G-agliardi, J.
Application for a writ of habeas corpus is denied without prejudice to a renewal at a time when petitioner would otherwise be able to be released, or upon a renewal by means of an article 78 proceeding.
The application herein raises the interesting question as to the legal significance of the phrase “ is subject ” as it appears in the Penal Law (Penal Law § 70.30, subd. 3), when petitioner is sentenced to time served on an unrelated charge while incarcerated in jail at all times on a pending charge which ultimately results in a conviction. Petitioner contends that he is entitled to jail time credit (60 days) against the sentence he is now serving even if such credit inures to his benefit twice.
A brief recitation of the factual background is necessary to highlight petitioner’s contention and to focus upon proper pro *493 cedure in applications for jail time credit when a determination favorable to petitioner will not effect his release from prison.
Petitioner was arrested on November 11, 1969, and charged with a felony, to which he pled guilty, and was sentenced by the Supreme Court, New York County, on May 28, 1970, to an indeterminate term not to exceed three years. Petitioner had been incarcerated throughout this period in the Manhattan House of Detention and was transferred to the Ossining Correctional Facility on June 15, 1970. Prior thereto, and on November 17 and 18,1969, separate warrants on different charges were lodged against petitioner. On January 26, 1970, petitioner was sentenced to time served as to the warrant lodged November 17, 1969. The second warrant was subsequently dismissed.
The commitment papers bear an indorsement by the Deputy Warden of the Manhattan House of Detention that petitioner is to receive 147 days’ jail time credit. It is clear that the Department of Correction of the City of New York, through the Deputy Warden, did not credit petitioner’s three-year sentence for the 60 days’ time served sentence imposed on January 26,1970, i.e., the period from November 17, 1969 through January 26, 1970. It is petitioner’s contention that he should receive, in effect, double credit because he was never “subject” to the retroactively imposed sentence within the meaning of the Penal Law. The issue is not free from doubt (see Matter of Janosko v. Kross, 27 Misc 2d 210 ; cf. Peo. ex rel. Petite v. Follette, 24 N Y 2d 60; Correction Law, § 218). Nonetheless, the Attorney-General opposes the application as being premature since a determination in favor of petitioner will not effect his release at this time. This argument has substantial merit.
Older cases had questioned the propriety of utilizing habeas corpus as a remedy to effect recomputation in jail time (see People ex rel. Melick v. Jennings, 132 Misc. 197, 199 [and cases cited]) and, although a conflict of authority appears in the early cases (see People v. McDonnell, 137 N.Y.S. 2d 149 [habeas corpus does not lie]; People ex rel. Manekos v. Noble, 26 Misc 2d 460 [writ not questioned] ; People v. Romano, 5 Misc 2d 171, app. dsmd. 284 App. Div. 878 [habeas corpus proper]), the Court of Appeals has subsequently held that habeas corpus does not lie under similar circumstances (People ex rel. Reynolds v. Martin, 3 N Y 2d 217, cert. den. 355 U. S. 885). In Reynolds the court passed upon the merits of the relator’s contention, concerning credit for jail time served in a sister State jurisdiction, and agreed with his claim but affirmed the order dismissing the writ. Significantly, the court stated (p. 223) “ this does not mean that *494 the writ of habeas corpus is to be sustained, however, for in no event is relator entitled as a matter of right to be discharged from prison at this time Reynolds is clearly in accord with prior rulings in this State that an application prior to the expiration of a validly imposed portion of a sentence will be deemed as premature (People ex rel. Young v. Martin, 270 App. Div. 1069, affd. 297 N. Y. 892). At bar no question is raised concerning the legality of the sentence other than the requested 60-day credit. Of course, once relator has served the validly imposed portion and would be able to obtain immediate release regarding his contention as to the sentence in excess thereof, the writ will lie (People ex rel. Tweed v. Liscomb, 60 N. Y. 559). In sum, the eases hold that the writ will be denied or dismissed, as the case may be, where the prisoner is legally detained even though there is a possibility that he will be unlawfully detained sometime in the future (7A Weinstein-Korn-Miller, N.Y. Civ. Prac., pars. 7003.08, 7010.05 ; 25 N. Y. Jur., Habeas Corpus, § 57).
Neither the rejection of the “ prematurity rule 7 in the Federal jurisdiction (Peyton v. Rowe, 391 U. S. 54, 64 ; see, also, Corafas v. LaVallee, 391 U. S. 234 ; Walker v. Wainwright, 390 U. S. 335) nor the recent expansion in this jurisdiction of the grounds that may properly form a basis for inquiry through a writ (People ex rel. Keitt v. McMann, 18 N Y 2d 257 ; cf. People v. Schildhaus, 8 N Y 2d 33, 36) compels a different conclusion (see People ex rel. Wilder v. Markley, 26 N Y 2d 648). The fact that in the Federal jurisdiction the writ is broader in scope does not impose upon the States obligations of a reciprocal nature (see Hopkins, Federal Habeas Corpus: Easing The Tension Between State and Federal Courts, 44 St. John’s L. Rev. 660 [1970] ; cf. Paperno and Goldstein, Criminal Procedure In New York, §§ 471, 472 [1971 Rev. ed.]). Furthermore, sufficient countervailing reasons exist proscribing the utilization of habeas corpus to achieve that, which orderly procedure dictates be accomplished in another manner (People ex rel. Keitt v. McMann, supra, p. 261).
Writs of habeas corpus must be made returnable in the county where the relator is incarcerated (Matter of Hogan v. Culkin, 18 N Y 2d 330 ; Matter of Greene v. Supreme Court, 31 A D 2d 649 [2d Dept.]). In discussing the drawbacks of habeas corpus as contrasted with other post-conviction remedies one commentator has stated: “ a habeas corpus proceeding brings in as the respondent a person who has no knowledge whatsoever of the circumstances underlying the conviction — namely, the warden of the state prison. He is represented by the Attorney General, a state official whose presence is not essential .to the proper resolu *495 tion of the case, and the practice is for the original prosecutor — the person most interested in sustaining the validity of the conviction— to appear only as amicus curiae. Thus, the Attorney General and the district attorney frequently duplicate each other’s efforts and may sometimes get in each other’s way.
“ Since venue for habeas corpus is in the county of detention and state prisons are located in very few counties, there are, for all practical purposes, only a handful of courts available to consider such writs in criminal cases. There is something inherently unfair about burdening a few courts with applications for relief from mistakes committed by all of the criminal courts throughout the state. Moreover, it is only right that the alleged perpetrator of the error, the trial court, be given first crack at rectifying it ” (Cohen, “ Post-Conviction Belief In The New York Court of Appeals: New Wine and Broken Bottles ’ ’, 35 Brooklyn L. Rev. 1, 23-24 (1968) [footnotes omitted]).
While the author of ‘the above commentary was analyzing habeas corpus from a viewpoint of trial court errors, the reasoning is apropos here, where the alleged error occurred at the trial level by the correction authorities. It is the duty of the New York City Commissioner of Correction to indorse the commitment papers with petitioner’s jail time (Code Crim. Pro., § 489-a). Such indorsement conclusively binds the Warden as to how much jail time credit to accord petitioner for incarceration prior to his receipt at State prison (People ex rel. Jackson v. Weaver, 279 App. Div. 88 ; People ex rel. Hand v. Prison Board of Sing Sing, 191 App. Div. 127 [2d Dept.] ; People v. McDonnell, 137 N. Y. S. 2d 149, supra ; see People ex rel. Bishal v. Murphy, 17 N Y 2d 897). The Warden can only determine the duration of the sentence from the commitment papers and is not bound to know or inquire as to what transpired prior to receipt of the prisoner (People ex rel. Jackson v. Weaver, supra), even if the indorsement on the papers is erroneous and in favor of the prisoner (People ex rel. Coates v. Martin, 8 A D 2d 688).
Consequently, petitioner’s sole recourse at the present time is to commence an article 78 proceeding in the nature of mandamus against the person charged with calculating his jail time credit which, in this case, is the Department of Correction of the City of New York (Matter of Browne v. Board of Parole, 10 N Y 2d 116, 121 ; People v. Nagler, 21 A D 2d 490 ; Matter of Bretti v. Eastman, 16 A D 2d 1027 ; Matter of Donohue v. Brown, 3 Misc 2d 969 [Brennan, J.] ; Matter of Bernoff v. Amoroso, 188 Misc. 845 [Botein, J.], affd. 271 App. Div. 925 ; see People v. Dellaera, 29 A D 2d 568 [2d Dept] ; 23 Carmody-Wait 2d, Proceeding
*496 Against a Body Or Officer, § 145:132). Of course, the prematurity rule would not be a defense therein under the circumstances presented at bar (cf. Matter of Perez v. Follette, 58 Misc 2d 319, affd. 31 A. D 2d 600 [2d Dept.], app. dsmd. as moot 23 N Y 2d 737).
Two additional points touching upon procedure warrant brief elaboration. First, habeas corpus is a special civil proceeding governed by the provisions of the CPLR (CPLR, art. 70 ; see 25 N. Y. Jur., Habeas Corpus, § 3). Once the court obtains jurisdiction of the parties it must not dismiss the matter merely because an inappropriate proceeding was commenced, provided that the court can grant full relief (Matter of Lakeland Dist. v. Onondaga Auth., 24 N Y 2d 400 ; Matter of Figari v. New York Tel. Co., 32 A D 2d 434 [2d Dept.] ; CPLR 103, subd. [c]). However, an effective judgment may not be entered in this proceeding even if it be deemed an article 78 proceeding, because the Warden is not the proper party upon whom the mandate must issue (cf. CPLR 1001, subd. [a]). The only necessary, proper and indispensable party in a proceeding such as this, where petitioner would not otherwise be released, is the Commissioner of Correction of the City of New York. Moreover, upon the present posture of the case and especially in view of the fact that the court is not “ convinced ” jail time credit must be given petitioner, it would be inappropriate to hold the matter in abeyance pending a further hearing upon joinder of the proper party (cf. People v. Nagler, 21A D 2d 490, 494).
Secondly, if petitioner desires to institute an article 78 proceeding rather than bring on a renewed habeas corpus application at the appropriate moment in futuro, the petition must be made returnable in New York County where the original determination (computation) was made and where the material events otherwise took place (Matter of Browne v. Board of Parole, 10 N Y 2d 116, 122 ; CPLR 7804, subd. [b] ; CPLR 506, subd. [b] ; 8 Weinstein-Korn-Miller, N.Y. Civ. Prac., pars. 7804.03, 7804.04). As one court aptly stated concerning the rule as to proper venue: “ not only does said rule result in the proper distribution of judicial business, relegating it wherever feasible to the geographical unit where it arose, but it is conducive to an orderly and seemly administration of justice ’ ’ (Matter of Caparco v. Kaplan, 36 Misc 2d 653, 658).
Insofar as an article 78 proceeding is concerned, certain practical problems tend to surface but are readily disposed of in short order. The four months’ Statute of Limitations (CPLR 217) would not present a bar to the within claim since all peti *497 tioner seeks is the compulsion of a ministerial act as imposed by law (Matter of Nelson v. Kelly, 4 A D 2d 596, 598 ; also, see, Matter of Castaways Motel v. Schuyler, 24 N Y 2d 120,120-127, decision adhered to on reargument 25 N Y 2d 692 ; Lutheran Church v. City of New York, 27 A D 2d 237 [holding action for declaratory judgment proper although article 78 proceeding was alternative procedure and Statute of Limitations had run]). The result reached in Matter of Menechino v. Division of Parole, N. Y. City, (26 N Y 2d 837) is not to the contrary, since what was involved there was a petition to review a discretionary determination and the four-month period had expired prior to the commencement of the proceedings (see Record On Appeal, Court of Appeals No. 6413, respondent’s brief, pp. 10-12 ; Matter of Colodney v. New York Coffee & Sugar Exch., 2 N Y 2d 149). However, where the proceeding is to compel the respondent to perform its duty, the Statuté of Limitations does not commence until a demand and refusal have occurred, although laches may be a defense (Austin v. Board of Higher Educ., 5 N Y 2d 430, 442 ; Matter of Holz v. Kowal, 27 A D 2d 128 ; 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7804.02). Furthermore, our Civil Death Statute (Civil Rights Law, § 79, subd. b) does not preclude a special proceeding to compute jail time credit (Matter of Freeman v. New York State Correction Dept., 20 A D 2d 825 ; cf. O’Brien v. McGinnis, 63 Misc 2d 170).
Finally, it should be called to the attention of the Bar that the court at nisi prius might, at the request of the petitioner, be constrained to appoint counsel (Coleman v. Alabama, 399 U. S. 1 ; Gideon v. Wainwright, 372 U. S. 335 ; People ex rel. Menechino v. Warden, 27 N Y 2d 376 ; People ex rel. Williams v. LaVallee, 19 N Y 2d 238 ; cf. People ex rel. Diaz v. Follette, 29 A D 2d 771 [2d Dept.] ; also, see, Paperno and Goldstein, Criminal Procedure In New York, § 70 [1971 Revised ed.]), to serve without remuneration (cf. Judiciary Law, § 35; County Law, § 722). Moreover, the Federal Constitution requires only that prisoners be given reasonable access to the courts (1 Antieau, Modern Constitutional Law, § 5.130 [1969 ed.]) and, consequently, in civil matters the physical presence of the prisoner may be dispensed with unless the petition demonstrates the necessity therefor (Bowles v. Habermann, 95 N. Y. 246; Brounsky v. Brounsky, 33 A D 2d 1028 [2d Dept.]). While the cited cases involved the rights of prisoners as defendants, by a parity of reasoning the same rule ought to apply where the prisoner is the plaintiff, at least in circumstances such as at bar where the sole issue is one in law concerning a ministerial act of a public officer. Petitioner’s *498 rights are amply protected by the appointment of counsel to represent his interests and this will obviate potential logistics problems which might otherwise arise.