George F. Roberts, J.
On August 14, 1973, the defendant was sentenced in New York Supreme Court to an indeterminate term of 0 to 7 years on Indictment No. 6272/71 to be served concurrently with the sentence imposed in Indictment No. 6330/ 71 and concurrently with a sentence imposed by the United States District Court on March 23, 1973 of 0 to 3 years. On May 9, 1974, the defendant was transferred to Greenhaven Correctional Facility from Danbury Federal Correctional Facility.
The defendant, pro se, claims that he is entitled to jail-time credit for the period from August 14, 1973 to May 8, 1974, this 'being the date in which he received his State sentences until the date of his transfer from Federal prison. The Department of Correction, however, asserts that under the Penal Law (§§ 70.25, 70.30, subd. 1), a sentence to a State institution cannot run concurrently with a previously imposed sentence to a Féderal facility. In this contention, the Department of Correction is correct (People v. Schatz, 45 A D 2d 853). A Federal court is similarly precluded from imposing a sentence which *104 runs concurrently with a State sentence, except where the Attorney General of the United States designates a State institution as the place of confinement (U. S. Code, tit. 18, §§ 3568, 4082). (See Hash v. Henderson, 262 F. Supp. 1016, affd. 385 F. 2d 475.)
Consequently, the sentence imposed upon defendant on August 14,1973 in New York Supreme Court was illegal. Nonetheless, the warden had no right to refuse the defendant jail credit, as directed by the court. Prison officials are conclusively bound by the terms of the commitment papers, and they cannot add or detract therefrom (People ex rel. Jackson v. Weaver, 279 App. Div. 88; Matter of Donohue v. Brown, 3 Misc 2d 969; People ex rel. Coates v. Martin, 8 A D 2d 688; and People ex rel. Henderson v. Casscles, 66 Misc 2d 492). The error in the sentence must be corrected by appropriate judicial proceedings in the sentencing court (People ex rel. Coates v. Martin, supra; see, also, Matter of Donohue v. Brown, Supra).
If the Department lof Correction has unlawfully modified the defendant’s sentence, the proper remedy available to the defendant is a proceeding pursuant to article 78 of the CPLK. or, if the defendant would otherwise be entitled to release were it not for the error of the prison authorities, a habeas corpus pro? ceeding at the county of detention (Matter of Freeman v. New York State Correction Dept., 20 A D 2d 825; People v. Nagler, 21 A D 2d 490; People ex rel. Henderson v. Casscles, supra; and People v. Simmons, 40 A D 2d 563). However, once the court obtains jurisdiction of the parties, it need not dismiss the action mlerely because an inappropriate proceeding was commenced, provided the court can grant full relief (People ex rel. Henderson v. Casscles, supra). Where the facts are not disputed, the motion will be treated as an application for the proper relief. (People v. Nagler, 21 A D 2d 490; and People v. Simmons, supra. See, also, Matter of Bretti v. Eastman, 16 A D 2d 1027.)
Thus, the court, having been made aware of the erroneous sentence imposed upon the defendant in the instant matter, herein directs that the defendant be produced before this court at 9:30 in the forenoon of the 30th day of January, 1975 for the purpose of vacating the present sentence. At that time, the court will hear arguments 'on defendant’s behalf. Further, it is directed that the Legal Aid Society assign counsel to represent him.
The clerk of the court is directed to make the necessary arrangements for defendant’s production, assignment of counsel, and notification of the District Attorney of New York County.