Charles Lambiase, J.
On December 1,1913, upon his own plea of guilty, claimant was convicted of a felony in the County Court of the County of Kings, New York and was thereupon sentenced to Elmira Reformatory. On the 17th day of January, 1916, upon his plea of guilty, claimant was convicted of a felony in the County Court of the County of Kings, New York, and was thereupon sentenced to State prison. These convictions were subsequently vacated on the 16th day of April, 1952 by order of Honorable Louis Goldstein, Judge of the County Court of the County of Rings, New York, on the ground that the judgment of conviction in each instance was illegal and unlawful since it had been procured in violation of claimant’s constitutional and statutory rights.
The specific grounds stated by County Judge Louis Goldstein in setting aside and in vacating the aforesaid convictions were *328 that the defendant (the claimant herein) was not represented therein by counsel throughout the entire proceedings; that he was not advised as to his right to counsel; that he did not competently and intelligently waive his rights to counsel; and that he did not comprehend the meaning and consequence of a plea of guilty.
On the 21st day of May, 1919 claimant, upon his own plea of guilty, was convicted of a felony in the County Court of Rensselaer County, New York. Judgment of conviction was entered and sentence was suspended. Later and on January 10, 1921 said suspension of sentence was revoked and claimant was thereupon sentenced to State prison for a period of five years. On June 7,1927, claimant on his own plea of guilty was convicted of a felony in the County Court of Saratoga County, New York; and on the 8th day of June, 1927, prior to sentence on the conviction, the District Attorney of Saratoga County filed an information pursuant to the provisions of the then existing section 1942 of the Penal Law along with certificates of the prior convictions of claimant setting forth that claimant had been convicted of three felonies and requesting that sentence be imposed upon claimant as a fourth felony offender. Thereupon claimant was adjudged a fourth felony offender and was sentenced to imprisonment for the term of his natural life.
By virtue of the fact that on the 16th day of April, 1952 two of the prior convictions, viz., the first and second hereinbefore set forth, had been set aside as being void and contrary to law, on June 23, 1952 an order was made and entered by the County Judge of the County of Saratoga, New York setting aside the adjudication that the claimant was a fourth felony offender, and the life sentence previously imposed upon claimant as such fourth felony offender was vacated and set aside. Claimant was thereafter by said County Judge resentenced as a second felony offender, and in place and instead of the sentence of imprisonment for the term of his natural life which had originally been imposed upon him, claimant was sentenced to a term of not more than 20 years nor less than 10 years in State prison.
At the time of the imposition of said sentence claimant had already served a term greater and longer than the maximum sentence provided for therein, and he was eligible for release from prison except that he was still under indictment on. the two convictions herein referred to as the first and second convictions, which convictions had been set aside as null and void by order of Judge Louis Goldsteih.
On or about the 15th day of September, 1952, claimant pleaded guilty before Honorable Louis Goldstein" in the County Court *329 of the County of Kings, New York to a misdemeanor under the indictment under which he had previously been convicted on December 1,1913, and pleaded guilty to the crime of burglary in the third degree in the indictment under which he had previously been convicted on January 17,1916. On the 17th day of September, 1952 Judge Goldstein suspended sentence in each instance, and claimant was thereupon released from custody.
Claimant contends that the State must respond in damages for his detention in prison beyond the prison term which he would have had to serve had he been properly tried, convicted, and sentenced in the instances with reference to the convictions of December 1,1913 and January 17, 1916.
It would seem that at the time of and prior to the setting aside of the convictions of December 1, 1913 and January 17, 1916 claimant was properly detained. (Nastasi v. State of New York, 275 App. Div. 524, affd. 300 N. Y. 473; Douglas v. State of New York, 269 App. Div. 521, affd. 296 N. Y. 530.) It was not until these convictions were set aside and claimant was resentenced for the conviction of June 7,1927 that the warden had authority to release the claimant from his custody.
In all cases where a court has acquired jurisdiction in an action or proceeding, its order made or judgment rendered therein is valid and enforcible and affords protection to all persons acting-under it although it may be afterward set aside or reversed as erroneous. Errors committed by a court upon the hearing of an action or proceeding which it is authorized to hear, but not affecting any jurisdictional fact, do not invalidate its orders or authorize a party to treat them as void, but can be taken advantage of only by appeal on motion in the original action. (Fischer v. Langbein, 103 N. Y. 84, 90.) Under such circumstances the State could not be held to respond in damages therein. (Douglas v. State of New York, supra; Mudge v. State of New York, 271 App. Div. 1039.) It is contended, however, that the County Judge in each instance herein acted without jurisdiction at all (Johnson v. Zerbat, 304 U. S. 458) ; that since there was no jurisdiction at all, there was no judge, and the proceeding was as nothing (Lange v. Benedict, 73 N. Y. 12, 25); and that although the judge would not be liable if he acted erroneously and negligently or even maliciously, it is contended that he is liable when he acts without jurisdiction.
‘ ‘ A judicial officer is not an employee in the sense that the doctrine of respondeat superior can be logically applied to his acts. Whether he belongs to a court of general or inferior jurisdiction he acts independently of any restraint or dictation except *330 that found in the law. He is not subject to orders like a policeman, and he may not be discharged by the local authorities of the civil division where he may serve on an inferior court. In fact he is a part of an independent branch of the government and the exercise of his judgment as to any matter before him is untrammeled and unfettered. It would be incongruous therefore to fasten liability upon a municipality for the tort of a local judicial officer who acts wholly independent of and beyond the control of municipal authorities.
“ Moreover it has long been considered a general rule that when a judge acts he must be clothed with jurisdiction, and acting without this he is but an individual, falsely assuming an authority he does not possess (Broom v. Douglass, 175 Ala. 268; Hoppe v. Klapperich, 224 Minn. 224; 2 Cooley on Torts [4th ed.], § 315). In such a case he acts in a private capacity, and the responsibility is his own, for no other department of government has the power to control his acts on any principle of agency as we know it.” (Koeppe v. City of Hudson, 276 App. Div. 443, 446-447.)
Assuming arguendo the premise of the claimant that the County Judge in each of the instances hereinbefore mentioned did not have jurisdiction and that his actions and proceedings, including the judgment of conviction, were void, then he, in each instance, was acting in a private capacity and the responsibility was his own and no other department of government had the power to control his acts on any principle of agency as we know it. We conclude, therefore, that said County Judges were not officers or employees of the State (Court of Claims Act, § 9, subd. 2) for whose torts the State can be cast in damages under the waiver of immunity contained in section 8 of the- Court of Claims Act.
The argument is advanced that “ it would be against public policy and conducive of pernicious results were one to assume that it is preferable to hold the judge individually liable rather than for the State to bear the financial burden in a case where a judge has acted without jurisdiction. ’ ’ The answer to this comforting and rather persuasive reasoning is that consideration thereof is within the sound discretion of the Legislature, and that liability herein based thereon may not be created by judicial fiat.
Claimant has failed to make out any cause of action against the State of New York. His claim, therefore, must be and hereby is dismissed upon the merits.
Let judgment be entered accordingly.