Bernard Ryan, P. J.
On May 6, 1953 the claimant, Harry C. Noyse, pleaded guilty to the crime of attempted grand larceny, second degree, before the Honorable John A. Mullen, Judge of the Court of General Sessions in New York County. Claimant was then 22 years of age and had not been previously convicted of a felony. Upon his conviction of the aforesaid crime he was sentenced by the court to “be imprisoned in the Elmira Reformatory, and there to be dealt with according to law.” He was sentenced to the reformatory pursuant to sections 2185 and *1019 2195 of the Penal Law, and section 288 of the Correction Law. The maximum of such reformatory sentence is five years. (People ex rel. Johnson v. Martin, 283 App. Div. 478 [1954], affd. 307 N. Y. 713.) Had claimant been sentenced to a State prison under sections 261 and 1297 of the Penal Law, the maximum sentence would have been two and one-half years.
After being confined to Elmira for a time, the claimant was then transferred to Attica State Prison by the Commissioner of Correction who had the power so to do. (Correction Law, § 6-a.)
On June 4, 1956 a writ of error coram nobis was granted by the Court of General Sessions of New York County. Claimant’s conviction was set aside and vacated. Thereupon he pleaded guilty to the crime of an attempt to commit grand larceny in the second degree. He was then sentenced to State prison for not less than one year, three months and not more than two years, six months. The court ordered that the time already served under the previous plea, which had been vacated, satisfy his sentence and he was thereupon set free.
This claim was filed with the Clerk of the Court of Claims on August 18, 1956 and served upon the Attorney-General August 21, 1956. Claimant alleges that he was confined beyond the maximum term of two and one-half years as provided by sections 261 and 1297 of the Penal Law and demands damages for excessive detention and imprisonment.
Claimant was sentenced to Elmira Reformatory after conviction of a felony. The maximum sentence is five years. The fact that the claimant was transferred to a State prison is immaterial. The nature of his sentence is not controlled by the place of his confinement. Under the original sentence and commitment the claimant was not entitled to be discharged from prison until his sentence was terminated by the Board of Parole or until he had served five years, whichever occurred sooner. (People ex rel. Ward v. Jackson, 286 App. Div. 942 [1955], affd. 3 N Y 2d 1020.)
Although the first conviction was subsequently set aside by the Court of General Sessions by a writ of co-ram nobis, the decree was valid on its face and hence no liability can be found against the State of New York because of any act of the Department of Correction. (Jameison v. State of New York, 4 Misc 2d 326 [1956], affd. 7 A D 2d 944; Nastasi v. State of New York, 275 App. Div. 524 [1949], affd. 300 N. Y. 473.)
Furthermore, liability cannot be predicated upon any alleged error of the Court of General Sessions made in sentencing the *1020 claimant in the first instance. The State of New York is not liable for the errors of a judicial officer on the theory of respondeat superior or otherwise. The claim must be dismissed.
Upon the foregoing recitals let judgment be entered dismissing the claim.