Clare J. Hoyt, J.
By this habeas corpus proceeding the relator an inmate of Green Haven Prison claims his right to be released from custody. On November 12, 1958 the relator, then 21 years old, was sentenced by the County Court, Rensselaer County, to an indefinite term at the Elmira Reformatory upon a plea of guilty to second degree robbery.
On November 21, 1958 relator was received at Elmira Reformatory with credit for prior jail time of 209 days. He was subsequently transferred to other institutions of the Department of Correction and was received at Green Haven Prison on March 1, 1962.
Relator now claims that he is being illegally confined within Green Haven Prison and claims his release upon the ground that he has completed the serving of his sentence under the provisions of section 230 of the Correction Law,
*603 Relator was sentenced pursuant to section 2185 of the Penal Law and section 288 of the Correction Law. Section 288 provides that the term of imprisonment shall be terminated by the Board of Parole but that such imprisonment shall not exceed five years in the case of persons convicted of a felony, and three years in the case of a person convicted of an offense less than a felony. In this case, relator having been sentenced for the crime of second degree robbery, his maximum sentence could not exceed five years. This “reformatory sentence” is an indefinite sentence in that the prisoner may be released at any time at the discretion of the Board of Parole but in no event can the confinement exceed five years (see People v. Glowacki, 174 Misc. 415, 420; People ex rel. Ward v. Jackson, 286 App. Div. 942, affd. 3 N Y 2d 1020; Noyse v. State of New York, 15 Misc 2d 1018). The fact that relator was transferred from Elmira Reformatory to a State prison does not affect the indefinite sentence. It has been repeatedly held that the nature of a sentence is not controlled by the place of confinement (People ex rel. Johnson v. Martin, 283 App. Div. 478, affd. 307 N. Y. 713; People ex rel. Ward v. Jackson, supra; Noyse v. State of New York, supra).
Relator contends that his sentence is for an indefinite term of 0 to 5 years and comes within the provisions of section 230 of the Correction Law.
Subdivision 4 of section 230 of the Correction Law was amended by the Legislature during the 1962 legislative session and became effective on July 1, 1962 (L. 1962, ch. 826). It provides that a prisoner confined in a State prison or penitentiary for an indeterminate term may receive, for good conduct and for meritorious progress and achievement, a reduction of his sentence not to exceed a total of five days for each month of his maximum term (emphasis supplied). It appears this amendment was promulgated in order to give a prisoner serving an indeterminate sentence the opportunity to receive credit for good conduct and meritorious progress on both his minimum and maximum term. Prior to this amendment a prisoner serving an indeterminate sentence could only receive credit for good conduct on his minimum term (see Correction Law, § 230, subd. 2; People ex rel. Clemente v. Warden of Auburn Prison, 9 N Y 2d 216).
Subdivision 1 of section 230 of the Correction Law defines an indeterminate sentence as a sentence to imprisonment in a State prison having minimum and maximum limits fixed by the court or the Governor.
This court is of the opinion that an indefinite sentence under section 288 of the Correction Law is not and was not intended to be interpreted as an indeterminate sentence within the mean *604 ing of section 230 of the Correction Law. Relator’s maximum term of imprisonment is fixed at five years, however, he has no minimum term but is subject to release at any time at the discretion of the Board of Parole.
Thus, relator is not entitled to his immediate release but must serve his maximum sentence with credit for prior jail time served unless, in the discretion of the Board of Parole, relator is entitled to his release prior to the expiration of his full sentence.
Accordingly, the petition is denied, the proceeding dismissed and the prisoner remanded.