Paul C. Reuss, J.
On or about May 27, 1940, the claimant was indicted in the Court of General Sessions, Borough of Manhattan, City and State of New York by a five-count indictment *933 charging robbery in the first degree, grand larceny in the first degree, assault in the first degree, assault in the second degree and criminally carrying a concealed loaded pistol.
On June 19,1940, he pleaded guilty to the crime of robbery in the second degree. On June 29, 1940, he was sentenced by the aforesaid Court of General Sessions to a term of from 12% years to 25 years in a State prison. . Five to 10 years of this sentence were imposed pursuant to former section 1944 of the Penal Law (committing a crime while armed).
Claimant was paroled August 29, 1949. He was subsequently declared delinquent as of January 13, 1961 and returned to prison on March 9, 1961.
By an order of the Honorable Dominick L. Gabrielli, a Justice of the Supreme Court, dated November 3,1961, claimant’s application for a writ of habeas corpus was granted. The writ was sustained and the claimant released. Justice Gabrielli in his decision relied on People v. Griffin (7 N Y 2d 511). The Griffin case held that where a defendant is indicted and then pleads guilty to a lesser crime than that charged in the indictment, he does not admit the facts charged in the indictment. Therefore, the trial court was without jurisdiction to impose an additional sentence under section 1944 of the Penal Law. The Supreme Court has determined in the instant case that the Court of General Sessions erred in imposing the additional sentence upon the claimant pursuant to the former section 1944 of the Penal Law. The State did not appeal Judge Gabrielli’s decision and we are bound by such decision. (Waterman v. State of New York, 207 Misc 773, affd. 1 A D 2d 235, affd. 2 N Y 2d 803.)
It is well settled that liability cannot be predicated on the error of the Court of General Sessions in sentencing the claimant in the first instance. The State of New York is not liable for the errors of a judicial officer on the theory of respondeat superior. (Jameison v. State of New York, 4 Misc 2d 326, affd. 7 A D 2d 944; Douglas v. State of New York, 269 App. Div. 521, affd. 296 N. Y. 530; Noyse v. State of New York, 15 Misc 2d 1018.)
The question involved herein is whether the commitment under which the claimant was sent to prison was valid on its face. The commitment stated that defendant was convicted by confession of robbery in the second degree. It further stated that he, having been armed with a pistol while in the act of committing the crime whereof he was convicted, be sentenced to a term of not less than 12 years and 6 months and a maximum of 25 years and that 5 to 10 years of said term were imposed pursuant to section 1944 of the Penal Law.
*934 . Where a defendant is indicted for robbery in the second degree and pleads guilty to robbery in the second degree while armed, he may receive an additional sentence under section 1944 of the Penal Law. (Matter of Lyons v. Robinson, 293 N. Y. 191; People v. Sheehan, 4 Misc 2d 1049, app. dsmd. 4 A D 2d 143.) Had the claimant herein been indicted for robbery in the second degree and pleaded guilty to committing such crime in the second degree, while armed, he could have lawfully received an additional sentence under section 1944 of the Penal Law. Therefore, the order of commitment was valid on its face. The confining authorities are under a duty to comply with the order of commitment, the invalidity of which was not determined until the decision in the habeas corpus proceeding 21 years later. They are not obliged to institute an inquiry so as to satisfy themselves that no error had been committed. They were confronted with what appeared to be a valid directive for the incarceration of the claimant and in yielding to it, they did not subject themselves to an action for false imprisonment. (Nastasi v. State of New York, 275 App. Div. 524, 526.) The claimant has failed to make out a cause of action. The claim herein must be and hereby is dismissed.