Clase J. Hoyt, J.
This is an article 78 proceeding to compel the respondent to recompute the date petitioner may first appear before the Parole Board and also petitioner’s conditional release date.
Upon his plea of guilty to the crime of forgery in the third degree and grand larceny in the second degree, petitioner was sentenced, on April 28,1967, to a term of 2% to 5 years, in State prison less 2 months and 5 days jail time credit when he was received at Green Haven Prison on May 8, 1967. The Warden computed petitioner’s minimum release date — that is, the date he is first eligible for parole — by subtracting jail time served before reception at Green Haven from the minimum sentence imposed and then dividing by three to determine the maximum good time reduction that petitioner might receive. This is exactly what section 230 of the Correction Law mandates. Petitioner contends that jail time should not have been subtracted before the maximum allowance for good time was computed. In other words he argues that the minimum sentence should be divided by three to determine the maximum good time reduction and that that sum plus jail time served should be subtracted from the minimum sentence to determine when he is first eligible for parole. Under petitioner’s system a maximum good time credit of 10 months could be earned. The Warden computes the maximum at 9 months and 8 days.
Section 230 calls for approval of the Warden’s computation. Subdivision 3 says ‘ ‘ in the case of an indeterminate sentence prisoner said reduction shall be computed upon the minimum term of such sentence, less jail time allowance ’ ’. The only exception made is for a prisoner confined in a county penitentiary. But petitioner’s attack does not' stop here. He contends that section 230 denies him equal protection of the law. The .effect of the section, he argues, is to discriminate against the poor man who cannot afford bail and who thus is compelled to accumulate jail time before sentence. While jail time must be credited to the reduction of any sentence imposed (Penal Law, § 70.30, subd. 3), a prisoner is denied any credit for such time when his maximum good time allowance is computed. His more fortunate counterpart who was able to obtain bail awaiting sentencing receives a full good time allowance. In short, petitioner argues that there is no rational basis for the distinction.
*321 Sentence reductions for good time behavior still must be earned. A prisoner has no right to demand that he be accorded a good time reduction and any potential reduction may be withheld, forfeited or canceled ‘ ‘ for bad conduct, violation of prison rules or failure to perform properly duties assigned ” (§ 230). The policy underlying the discretionary grant of good time reductions is clear. The attitude and conduct of prisoners should improve if they are offered an incentive for good and productive behavior while at the same time the fact that reductions can be withheld will inhibit bad conduct. Necessarily this policy can be implemented only during the time a prisoner is in the actual custody of the officials who will grant or withhold the reductions. Thus the time a prisoner is in the custody of others —• that is when he is serving jail time before sentence — cannot be counted as time for which good time reductions can be granted or withheld. This is a rational basis for the statute petitioner challenges. Moreover this proceeding is premature since the court cannot anticipate that petitioner will earn his maximum good time allowance until he has actually been credited with discretionary reductions in sufficient number to make him eligible for parole. This will occur in November of 1968 if he continues to earn good time.
Petitioner’s conditional release date is properly computed. The petition is dismissed.