THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAIME RAMON BATISTA, Appellant, v. JOHN L. ZELKER, as Superintendent of Green Haven Correctional Facility, Respondent.

Second Department, July 5, 1972.

*Bacharach, Green & Bass (Stephen E. Bass* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (Samuel A. Hirshowitz* and *Iris A. Steel* of counsel), for respondent.

BENJAMIN, J. This is an appeal from a judgment dismissing a writ of habeas corpus. The appellant was given a reformatory sentence. He began serving the sentence at the Elmira Reformatory, but thereafter was transferred to Green Haven Correctional Facility. His counsel contends that the transfer constituted a denial of due process of law and of equal protection of the law. At Special Term the appellant did not contest the transfer. His contention was that his sentence had, in fact, albeit not in law, been converted from a reformatory sentence, which does not accumulate a good-conduct reduction of sentence, to a prison sentence, which does (Correction Law, § 230[1]). He requests a resentence so that he might accumulate good-conduct time.

Assuming, *arguendo*, that the appellant's contention is correct he would still not be entitled to immediate release.

The appellant pleaded guilty to attempted manslaughter in the second degree under section 1052 of the former Penal Law. The crime was committed prior to the effective date of the present Penal Law, September 1, 1967, and was punishable by a term of imprisonment not exceeding seven and one-half years (former Penal Law, §§ 261, 1053). On the date of sentence, January 29, 1968, appellant was only 22 years old and the sentencing court elected to impose a reformatory sentence (former Penal Law, § 2185).

---

1. Section 230 has been repealed, but it is still effective as to offenses committed prior to September 1, 1967, the effective date of the present Penal Law (L. 1970, ch. 476, § 45; Penal Law, § 5.05, subd. 3).

Under the reformatory sentence, the appellant's imprisonment may not exceed five years (former Penal Law, § 2185; Correction Law, § 288[2]), but the sentence may be terminated at an earlier date by the Board of Parole. In this case, the board has declined to grant parole and the appellant must serve the full five years under his sentence. He commenced his sentence on February 15, 1968. He had eight months and one day of jail time (former Penal Law, § 2193). Accordingly, his sentence terminates on June 14, 1972.[3]

Under the prison sentence requested, the appellant could have been sentenced to a maximum of seven and one-half years. However, he could earn a good-conduct credit of one third of the maximum sentence, which would be two and one-half years on a seven and one-half term (Correction Law, § 230[4]). He would also be entitled to an allowance for jail time (former Penal Law, § 2193). Such a sentence would have resulted in release on June 14, 1972, the same date of termination as the reformatory sentence.[5] Since the appellant is in no event entitled to be released before June 14, 1972, his contentions, even if true, do not warrant immediate release.

As above stated, counsel contends that the transfer from the reformatory to the prison constitutes a deprivation of due

2. Section 288 has been repealed, but it is still effective as to offenses committed prior to September 1, 1967, the effective date of the present Penal Law (L. 1970, ch. 476, § 48; Penal Law, § 5.05, subd. 3.

3. The calculation is summarized as follows:

|  |  |  |  |
|---|---|---|---|
| Date sentence commenced (Feb. 15, 1968) | 68 | 2 | 15 |
| Add: Sentence imposed (5 years) | 5 | 0 | 0 |
|  | 73 | 2 | 15 |
| Deduct: Jail Time (8 months, 1 day) | 0 | 8 | 1 |
| Release Date (June 14, 1972) | 72 | 6 | 14 |

4. Technically, such good-conduct allowance would be slightly less. This is so because jail time should first be deducted from the sentence imposed (Correction Law, § 230, subd. 3; *Matter of Perez* v. *Follette*, 58 Misc 2d 319, affd. *sub nom. People ex rel. Perez* v. *Follette*, 31 A D 2d 600; *People ex rel. Moxon* v. *Fay*, 36 Misc 2d 602).

5. The calculation is summarized as follows:

|  |  |  |  |
|---|---|---|---|
| Date sentence commenced (Feb. 15, 1968) | 68 | 2 | 15 |
| Add: Sentence imposed (7 years, 6 months) | 7 | 6 | 0 |
|  | 75 | 8 | 15 |
| Deduct: Jail Time (8 months, 1 day) | 0 | 8 | 1 |
|  | 74 | 12 | 14 |
| Deduct: Good-Conduct Time (2 years, 6 months) | 2 | 6 | 0 |
| Release Date (June 14, 1972) | 72 | 6 | 14 |

process of law. In our opinion, this contention is without merit.

Section 23 of the Correction Law (formerly § 6-a [L. 1970, ch. 475, § 5]) empowers the Commissioner of Correction to transfer inmates from one correctional facility to another. That section was derived from former section 293 of the Correction Law (repealed by L. 1946, ch. 215, § 3). Under section 293 the power of the Commissioner was circumscribed by several conditions. Habeas corpus was available to challenge a section 293 transfer order made without compliance with the conditions set forth in the statute (*People ex rel. Saia* v. *Martin,* 289 N. Y. 471). However, the present statute contains none of the conditions of its predecessor. Therefore, it was not necessary for the Commissioner to comply with the repealed statute and compliance with the present statute is all that was required. Since the Commissioner has acted within his lawful power, the appellant cannot object to the transfer as defective. Moreover, the transfer does not alter the nature of the appellant's sentence. A reformatory sentence remains such notwithstanding a transfer from a reformatory to a prison (*People ex rel. Ward* v. *Jackson,* 286 App. Div. 942, affd. 3 N Y 2d 1020). Accordingly, the transfer did not deprive the appellant of due process of law and he is not entitled to a good conduct allowance.

Counsel further contends that the appellant is being denied due process of law and equal protection of the laws by his treatment at the prison. He argues that the appellant is not receiving reformatory treatment; that the atmosphere at the prison is not conducive to rehabilitation; and that this is contrary to the intent of the sentencing court that the appellant receive reformatory treatment.

We disagree. In *People ex rel. Meltsner* v. *Follette* (32 A D 2d 389) we held that a reformatory-term inmate must be given treatment consistent with his sentence. We did not hold that a reformatory-term inmate must be confined in a reformatory. If such treatment is not available at a prison, the inmate must be transferred to an institution at which it is available or he must be released. Normally, a hearing is required to inquire into the issue of treatment (*People ex rel. Ceschini* v. *Warden,* 30 A D 2d 649). In the instant case a hearing has already been held in this proceeding and testimony taken on the issue of treatment. The Chief Clerk of the prison was the only witness. He testified without contradiction that rehabilitation facilities at the prison were equivalent to or better than those at the Elmira Reformatory from which the appellant had been transferred. Accordingly, we conclude that the appellant is receiving the

proper treatment and that he is being deprived of neither due process of law nor equal protection of the law.

The judgment should be affirmed, without costs.

HOPKINS, Acting P. J., MUNDER, GULOTTA and BRENNAN, JJ., concur.

Judgment of Supreme Court, Dutchess County, entered February 5, 1971, affirmed, without costs.