Max Bloom, J.
These are four separate proceedings brought by the four defendants involved to set aside the sentences heretofore imposed upon them under section 75.20 of the Penal Law. One of the defendants, Jiminez, attempted to proceed by habeas corpus. However, Special Term treated the application as one for resentence under GPL 440.20 and referred it to the arraignment part for disposition. The other three defendants, all represented by the same counsel, adopted the procedure suggested at Special Term, and moved directly in the arraignment part.
Inasmuch as there is no contention that the sentences were unauthorized by law, or were illegally imposed or were otherwise invalid as a matter of law the applicability of GPL 440.20 is open to grave doubt. However, the supporting papers, as implemented by the oral argument, sufficiently define the issue so as to require its disposition on the merits (cf. People ex rel. Cavalluzzo v. Warden, 39 A D 2d 897).
Each of the defendants was charged with a felony. Three — Jiminez, Colon and Dulley — pleaded guilty to attempted grand larceny in the third degree, while Williams pleaded guilty to criminal trespass. Inasmuch as all of the convictions involved class A misdemeanors the fixed maximum sentence which could have been imposed upon each was one year. However, since each of the defendants was then under the age of 21 years each was sentenced under the alternative reformatory sentence provision (Penal Law, § 75.20). As subdivision 2 of section 75.20 provides, ‘ This shall be a sentence to imprisonment for a period of unspecified duration which shall commence and terminate as provided in subdivision four of this section and the court shall not fix the minimum or maximum length of the period.”
Each of the defendants reached the age of 21 years during the period of his confinement. Each alleges that, pursuant to a directive of the New York City Department of Corrections, he was thereupon transferred from the reformatory to a correctional facility and, by consequence, is being deprived of the rehabilitative benefit of a reformatory sentence. Hence, each asserts the sentence has become illegal and they are now being detained without warrant in law.
Statutes akin in import have been the subject of constitutional attack on many occasions. Thus, in People ex rel. Kipnis v. McCann (199 App. Div. 30, affd. 234 N. Y. 502) the relator had been convicted of a misdemeanor for which the maximum sentence was one year. However, the Parole Commission Act (L. 1915, ch. 579) authorized an alternative indeterminate sentence not to exceed three years. The relator was sentenced under this *869 alternative provision. After he had served more than one and one-half years he sued out a writ contending that the Parole Commission Act was discriminatory and, therefore, unconstitutional,. The court held that the statute transgressed no constitutional limitation inasmuch as its purpose was to afford those sentenced under it ‘1 an opportunity to benefit by the disciplinary, correctional and reformatory purposes of the institutions under the jurisdiction of the department of correction, unless the trial court deems the offender mentally or physically incapable of being substantially benefited thereby” (p. 38). Attacks of the same nature were made, and rejected, in connection with reformatory sentences imposed under State law (People ex rel. Meltsner v. Follette, 32 A D 2d 389) and under Federal law (Rogers v. United States, 326 F. 2d 56; Carter v. United States, 306 F. 2d 283; Cunningham v. United States, 256 F. 2d 467).
However, to say that the statute is constitutional is not to dispose of the matter here in issue. Here, the defendants claim that they were sentenced to the reformatory in order to make available to them certain rehabilitative procedures. In this, of course, they are correct. Any change in the place of imprisonment which serves to deprive the prisoner of his right to that type of incarceration deemed to be appropriate by the sentencing Judge is void. Enforcement of this void administrative act constitutes a deprivation of due process (People ex rel. Saia v. Martin, 289 N. Y. 471). However, the nature of the sentence is not controlled by the place of confinement (People ex rel. Ward v. Jackson, 286 App. Div. 942, affd. 3 N Y 2d 1020). Indeed, the court does not sentence a defendant to a particular institution. He merely commits thereto (People ex rel. Johnson v. Martin, 283 App. Div. 478, affd. 307 N. Y. 713).
Eegardless of the institution in which the sentence is served, its purpose must be fulfilled. Thus, in People ex rel. Meltsner v. Follette (32 A D 2d 389, supra), the relator, who had been sentenced to a reformatory was transferred to Green Haven Correctional Facility pursuant to a provision of the Correction Law authorizing the Department of Correction to transfer prisoners from one facility to another. “ We do not hold,” said the court “ that a reformatory term inmate must be confined to a reformatory, but merely that whatever correctional institution in which he may be confined must afford him treatment consistent with his sentence. If none is readily available at Green Haven Prison, the relator herein must either be transferred to an. institution where such treatment is available or *870 released ” (supra, p. 391). And in People ex rel. Batista v. Zelker (39 AD 2d 343,346) the court reiterated “ that a reformatory-term inmate must he given treatment consistent with his sentence. We did not hold that a reformatory-term inmate must be confined in a reformatory. If such treatment is not available at a prison, the inmate must be transferred to an institution at which it is available or he must be released ”.
The issue, then, is one of treatment rather than place of confinement, although the place of confinement may well be one of the factors to be considered in determining whether or not the treatment accorded is that appropriate to a reformatory inmate. And this may be determined only after a hearing at which the court must inquire into the facts surrounding the charge (People ex rel. Ceschini v. Warden, 30 A D 2d 649; People ex rel. Batista v. Zelker, supra). While the affidavits supporting the applications contain merely conclusory allegations that the transfer of defendants from the New York City Reformatory to adult correctional institutions has frustrated implementation of the local reformatory sentences, the issue raised by defendants is of sufficient importance in the administration of the criminal law to warrant inquiry by the court,
The additional contention that a reformatory sentence is violative of the Eighth, and Fourteenth articles of amendments to the- Federal Constitution in that it does not carry with it good conduct time which accrues to prisoners incarcerated in non-reformatory correctional facilities is without merit (People ex rel. Meltsner v. Follette, 32 A D 2d 389, supra).
Accordingly, the issue, as herein defined, is set down for hearing at Part XII of this court for September 12,1972. Counsel for defendants shall communicate with the Assistant District Attorney in charge of these matters to insure that the hearing will proceed promptly, that the defendants will be produced for the hearing, and that all witnesses will be available.