Guy A. Graves, J.
Petitioner has brought a CPLR article 78 proceeding to compel respondent to correctly compute petitioner’s conditional release date.
In the argument at Special Term, respondent did not disagree with petitioner’s arithmetic but stressed that the underlying conviction and sentence was for á reformatory term and not an indeterminate term and that there is no good time which may be earned or accrued in reformatory terms. Re *511 spondent relies principally on authority established in People v Jiminez (71 Misc 2d 867) and departmental policy.
The sole question, then, is whether the petitioner, originally sentenced to a reformatory term, is entitled to credit for "good time” earned during that service.
In Jiminez (supra, p 870) the court answered in the negative, holding merely that "The additional contention that a reformatory sentence is violative of the Eighth and Fourteenth articles of amendments to the Federal Constitution in that it does not carry with it good conduct time which accrues to persons incarcerated in nonreformatory criminal facilities is without merit”.
Since Jiminez was decided in 1972, notable changes in the State’s approach to criminal rehabilitation have been occurring.
Among these, of course, was the repeal in 1974 of the reformatory sentence (L 1974, ch 652, § 7, as amd by L 1974, ch 653, § 7, repealing Penal Law, art 75), based on the premise that since "reformatories” as such no longer existed in view of the new correctional system, there was no longer a need for a reformatory sentence.
Arnold Hechtman in his Practice Commentary on the repealer (McKinney’s Cons Laws of NY, Book 39, Penal Law, art 75, p 270) observed: "Though it is no longer imposable, many persons are serving reformatory sentences and will continue to do so for a number of years to come. Since the reformatory sentence is, in fact, an indeterminate sentence of imprisonment with a four year maximum, it is reducible through the accumulation of good time credits and affords eligible persons the conditional release option (see § 70.40).”
In Hechtman’s opinion, then, the repeal had a clear and obvious effect on existing reformatory sentences, viz., to qualify them for good time credit.
Moreover, several weeks after the repeal was approved, the United States District Court for the Southern District of New York, deciding that reformatory sentences (Penal Law, art 75) were unconstitutional, held that the equal protection clause does not permit extended sentence on a young adult, simply because of youth, when conditions under which young adult is being held are no different from that of ordinary prisoners. (See United States ex rel. Sero v Preiser, 377 F Supp 463.)
A parallel situation develops where "good time” is not *512 permitted simply because the original sentence was reformatory in form.
Just as persuasive (and cited in Sero, supra) is a decision of the Supreme Court, Bronx County, decided before the repeal and Federal decision noted above. In People ex rel. Cromwell v Warden (74 Misc 2d 642), a 1973 decision, Justice Bloom (who also decided Jiminez, supra) altered his position and held, inter alia, that a reformatory sentence does not fit either into the category of an indeterminate sentence or a definite sentence and that literally there is no statutory provision for permitting good time as a result of good behavior. But, there is no rational basis for this distinction, and accordingly, the refusal to allow credit for good time is unconstitutional as a denial of equal protection of the law within the meaning of the Fourteenth Amendment.
In view of the above authorities as well as the public interest in encouraging prompt, willing and efficient performances of prison tasks by granting good behavior time, this court can ascertain no compelling reason why respondent’s policy of refusing credit for good behavior in reformatory sentences should be sustained.
Petitioner’s application is granted in that respondent is directed to recompute such credit for good time as petitioner may be entitled to in serving his reformatory sentence, and such proceeding shall be commenced within 30 days after service of a copy of the order herein together with a copy of this decision.