■ In the Matter of EDWARD ALLEGRETTI, Appellant, v THOMAS A. COUGHLIN, III, as Acting Commissioner of the Department of Correctional Services, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term, entered December 28, 1979 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to be transferred back to the Great Meadow Correctional Facility until such time as he was afforded a hearing. The facts are undisputed. Petitioner is an inmate in the custody of the New York State Department of Correctional Services. On June 26, 1979 he was transferred from the Great Meadow Correctional Facility to the Attica Correctional Facility. Although no formal charges of misconduct were preferred against petitioner, respondents concede that petitioner's transfer was the result of allegations made by undisclosed sources to the staff of the Great Meadow Correctional Facility that petitioner was a disruptive influence. Petitioner commenced this article 78 proceeding to review respondents' determination to transfer petitioner without a hearing. Special Term upheld the respondents' determination and this appeal ensued. Petitioner contends that the transfer from the Great Meadow Facility to the Attica Facility without a hearing is tantamount to a deprivation of due process of law because petitioner's wife and daughter will now find it more difficult to visit him. Preliminarily, we note that the due process clause of the Federal Constitution does not require that an inmate be provided a hearing prior to transfer to a different facility, even if the transfer is the result of the inmate's behavior (Montanye v Haymes, 427 US 236, 242; Meachum v Fano, 427 US 215, reh den 429 US 873). While we recognize that our State has, in certain instances, chosen to extend State constitutional protections beyond those minimum standards set by the Federal Constitution, it is our view that in the instant case the State Constitution similarly does not require that an inmate be provided with a "pre-transfer hearing." Section 23 of the Correction Law unequivocally vests with the Commissioner of Corrections the power to transfer inmates from one correctional facility to another (People ex rel. Batista v Zelker, 39 AD2d 343). Although we recognize that there are restrictions on the power of the commissioner to transfer inmates in certain exceptional circumstances (see Matter of Sebastiano v Harris, 76 AD2d 1004; Matter of Johnson v Ward, 64 AD2d 186), where, as here, these circumstances do not exist, there is no authority which purports to give an inmate a right to a hearing prior to a transfer. Accordingly, since the transfer in the instant case did not alter the nature of petitioner's sentence, it was not violative of the due process clause of our State Constitution (see People ex rel. Batista v Zelker, supra). Judgment affirmed, without costs. Mahoney, P.J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.