Matter of Rincon v Annucci (2020 NY Slip Op 05118)





Matter of Rincon v Annucci


2020 NY Slip Op 05118


Decided on September 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 24, 2020

530781

[*1]In the Matter of Danny Rincon, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: September 4, 2020

Before: Egan Jr., J.P., Mulvey, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Danny Rincon, Attica, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Ceresia, J.), entered December 24, 2019 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, challenging respondent's administrative separation and transfer process.
Petitioner, a prison inmate, alleges that he is kept separate from numerous other inmates for reasons unknown to him. As a result, petitioner alleges that he can only be confined in 14 correctional facilities across the state and that such restricts his rehabilitative programming opportunities. In May 2019, petitioner commenced this CPLR article 78 proceeding claiming that his right to due process was violated by the lack of any mechanism to challenge the veracity of the information that led to his housing limitations. Following joinder of issue, Supreme Court dismissed the petition. Petitioner appeals.
Inasmuch as petitioner appears to be challenging a continuing policy rather than a specific determination, this CPLR article 78 proceeding should have been brought as a declaratory judgment action (see CPLR 103 [c]; Matter of Zuckerman v Board of Educ. of City School Dist. of City of N.Y., 44 NY2d 336, 344 [1978]; Matter of Dorst v Pataki, 167 Misc 2d 329, 332-333 [1995], affd 228 AD2d 4 [1997], affd 90 NY2d 696 [1997]). We therefore convert the matter to a declaratory judgment action (see CPLR 103 [c]; People ex rel. Brown v New York State Div. of Parole, 70 NY2d 391, 398 [1987]) and, having done so, affirm.
Inmates have no constitutional "right to remain at a particular facility or any expectation that transfer will not occur without misconduct" (Matter of Henry v Coughlin, 189 AD2d 1054, 1054 [1993]; see Montanye v Haymes, 427 US 236, 243 [1976]; Meachum v Fano, 427 US 215, 224-225 [1976]; Matter of Allegretti v Coughlin, 81 AD2d 958, 958 [1981], appeal dismissed 54 NY2d 829 [1981], lvs denied 55 NY2d 601, 645 [1981]), nor are they entitled to challenge respondent's "almost unbridled authority to transfer [them] from one facility to another" absent unusual circumstances that are not present here (Matter of Johnson v Ward, 64 AD2d 186, 188 [1978]; see Correction Law § 23 [1]; Montanye v Haymes, 427 US at 242-243; Matter of Henry v Coughlin, 189 AD2d at 1054; Matter of Allegretti v Coughlin, 81 AD2d at 958). It follows that petitioner is not entitled to know or dispute the reasons for his place of confinement as a matter of due process (compare Matter of Abdus-Samad v Annucci, 141 AD3d 1101, 1102 [2016], lv denied 28 NY3d 909 [2016]; Matter of Roe v Selsky, 250 AD2d 935, 936 [1998]). Petitioner's remedy, should he be displeased with his housing, is to request a transfer to a preferred facility and seek review of a denial thereof (see e.g. Matter of Brooks v Annucci, 149 AD3d 1434, 1435 [2017]; Matter of Lugo v Goord, 49 AD3d 1114, 1114-1115 [2008], lv denied 10 NY3d 714 [2008]).
Egan Jr., J.P., Mulvey, Devine, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by converting the matter into a declaratory judgment action; it is declared that petitioner is not entitled to know or dispute the reasons for his place of confinement as a matter of due process; and, as so modified, affirmed.